HAGAN CORPORATION, Plaintiff, *v.* MEDICAL SOCIETY OF THE COUNTY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, March 1, 1950.

*Milton I. Newman* for plaintiff.

*Otho S. Bowling* for defendants.

BENVENGA, J. This is a motion by the defendant Freedman to dismiss the second amended complaint as against him, on the ground that the causes of action therein set forth are barred by limitation.

The complaint contains three causes of action. The first is against the medical society for breach of contract and the second and third causes of action are against the individal defendants for inducing a breach of the contract and for intentionally causing damage to the plaintiff. The contract upon which plaintiff sues provides that, until 1955, the plaintiff was to be " the sole and exclusive agent of the Medical Society " in connection with the writing of accident and health insurance and in the negotiation and settlement of claims for the medical society and the medical society's members thereunder.

In January, 1946, before the termination of the contract, the medical society adopted a formal resolution discharging the

plaintiff as its agent, withdrawing its approval of the policy which plaintiff had procured and approving the policy of a competing company.

Clearly, the contract was broken in January, 1946, when the resolution was adopted. If the individual defendants wrongfully induced the medical society to breach the contract or intentionally cause damage to the plaintiff thereby, it was then that the cause of action accrued against them for inducing such breach, and it was then that the Statute of Limitations began to run (*Neff* v. *Willmott,* 170 Okla. 460, 54 C. J. S., Limitations of Actions, §§ 108, 109, pp. 9–14, § 168, pp. 122–125). Since the causes of action alleged against the individual defendants are in tort (*Posner Co.* v. *Jackson,* 223 N. Y. 325, 332–333; *Hornstein* v. *Podwitz,* 254 N. Y. 443, 447–449; 62 C. J., Torts, § 52, p. 1137), and the time limited for the commencement of the actions is three years (Civil Practice Act, § 49, subd. 7; General Construction Law, § 25-a; *Jay Bee Apparel Stores* v. *563–565 Main St. Realty Corp.,* 130 Misc. 23, 27, affd. 226 App. Div. 721), it would seem to follow that the actions are barred.

The fact that, as a result of the adoption of the formal resolution, members of the medical society have cancelled, and may continue to cancel, policies taken out by them through the plaintiff, does not make the alleged causes of action continuing wrongs, because the contract with the medical society will not terminate until 1955, or because it is alleged that the acts constituting the causes of action were committed " during the period beginning 1945 and until the date hereof." The causes of action alleged are not continuing torts, like nuisance, pollution, continuous trespasses and other wrongs of continuing injury to property (see 54 C. J. S., Limitations of Actions, § 169, pp. 127–134; *Hayman* v. *Morris,* 46 N. Y. S. 2d 482, 491, and *Clayton* v. *Farish,* 191 Misc. 136, 150).

The Oklahoma case of *Neff* v. *Willmott* (*supra*) is decisive of the question presented. I have been unable to find any New York cases directly in point, nor have any been called to my attention.

The motion to dismiss the causes of action as against the defendant Freedman is accordingly granted. Settle order.