LAURA NOVELLI, as Limited Administratrix of the Estate of JOSEPH A. NOVELLI, Deceased, Appellant, v. PAUL-BURKE REALTY Co., INC., et al., Respondents.— Judgment affirmed, with costs. All concur, except McCurn and Piper, JJ., who dissent and vote for reversal and for granting a new trial on the ground that the evidence presented questions of fact as to defendants' negligence and plaintiff's contributory negligence. (Appeal from a judgment dismissing the complaint in a negligence action.) Present — Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.

GERTRUDE R. HEWITT, Respondent, v. CITY OF SYRACUSE, Appellant.— Judgment and order affirmed, with costs. All concur. (Appeal from a judgment for plaintiff in a negligence action; the order denied defendant's motion for a new trial.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

ARNOLD METCALF, an Infant, by ALICE H. METCALF, His Guardian ad Litem, Appellant, v. CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF ARCADE and Others, Respondent. ALICE H. METCALF, Appellant, v. CENTRAL SCHOOL DISTRICT No. 1 OF THE TOWNS OF ARCADE and Others, Respondent.— Order reversed on the law, with $10 costs and disbursements and motion granted, with $10 costs. Memorandum: The accident in question here occurred May 16, 1950, and the statute requiring notice of claim to be served on the teacher within ninety days after the claim arises, became a law April 19, 1950, and by its terms became effective July 1, 1951 (L. 1950, ch. 762, § 45). (Education Law, § 3813.) Statutes ordinarily speak as of their effective date (*Gilbert* v. *Ackerman*, 159 N. Y. 118). In this instance the effective date was some thirteen and a half months after the claim arose. The statute contained no provision allowing the time within which owners of claims more than ninety days old could comply with these provisions. The general rule is that statutes are to be construed as prospective only, and that it takes a clear expression of the legislative purpose to justify a retroactive application. (*Jacobus* v. *Colgate*, 217 N. Y. 235, 240; *People* v. *Cohen*, 245 N. Y. 419, 421, 422.) Prior to the amendment of section 3813 of the Education Law plaintiff was not required to serve notice of claim upon the teacher as a condition precedent to the maintenance of his action and the amendment effective July 1, 1951, requiring the service of a notice of claim upon the teacher was not retroactive. All concur. (Appeal from an order denying motion by plaintiff for service of supplemental papers to bring in an additional party defendant in a negligence action.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.