ANNA SANDAK, an Infant, by MICHAEL SANDAK, Her Guardian ad Litem, Plaintiff, *v.* TUXEDO UNION SCHOOL DISTRICT No. 3, TOWN OF TUXEDO, et al., Defendants.

MICHAEL SANDAK, Individually and as Guardian ad Litem of ANNA SANDAK, an Infant, Plaintiff, *v.* MARION WHITE et al., Defendants.

Supreme Court, Special Term, Orange County, March 20, 1953.

*Donald S. Wilson* for Marion White and another, defendants, for motions.

*George F. Roesch, 2d,* for plaintiff, opposed.

BRENNAN, J. In the first above-entitled action, the individual defendants, who are school teachers, move to dismiss the second cause of action (contained in the complaint in said first above-entitled action) on the ground that the complaint, on the face thereof, fails to state facts sufficient to constitute a cause of action. In said second cause of action, the infant, by her father as guardian ad litem, sues only the defendants teachers for damages for personal injuries resulting from the alleged negligence of said teachers while acting in the discharge of their duties within the scope of their employment by the defendant school district.

In the second above-entitled action, the defendants teachers make a similar motion. In this second action, the father seeks to recover against said teachers for his incidental losses as a result of the above-alleged negligence of said teachers.

It is the contention of these defendants, in support of their application in each action, that the complaints are insufficient on the face thereof, in that they failed to allege that a duly verified notice of claim, on behalf of the infant and on behalf of the father, respectively, was served upon these defendants teachers, as required by subdivision 2 of section 3813 of the Education Law. In considering these applications, this court will assume that the second cause of action in the first above-entitled action and the complaint in the second above-entitled action each contain appropriate allegations (as set forth in paragraphs " TENTH " and " ELEVENTH " of the first cause of action in the first above-entitled action) to the effect that the required verified notice of claim was duly served, on behalf of the infant only, on the school district for which said defendants teachers were acting at the time of their alleged negligence. This court makes this assumption by reason of the plaintiffs' attorney's statement that through inadvertence, said allegations were omitted. It is to be noted, and it has been conceded, that no verified notice of claim was served on behalf of the father of the infant either upon the school district or upon the defendants teachers. It is also to be noted, and it has been conceded, that no verified notice of claim was served on behalf of the infant upon either of said defendants teachers.

With respect to the first application, this court is of the opinion that by reason of the amendment to subdivision 2 of section 3813 of the Education Law (L. 1950, ch. 762, § 45, eff. July 1, 1951), it is mandatory that a notice of claim be served separately upon the defendants teachers as well as upon the school district. Prior to this amendment, no tort action could be maintained against any school district unless a notice of claim had been served in compliance with section 50-e of the General Municipal Law. And prior to this amendment, our highest court held, in substance, that where a tort action was brought against an appointee or employee alone and a statute of indemnification (similar to that contained in Education Law, § 3023) existed in favor of said appointee or employee, it was necessary that a notice of claim be served upon the municipal body. (*Derlicka* v. *Leo,* 281 N. Y. 266.) The aforesaid amendment to section 3813 provided, in substance, that no action founded upon tort could be maintained against any school district, *nor against any teacher* where the alleged tort was committed by such teacher within the scope of his employment, unless a notice of claim was made and served in compliance with section 50-e of the General Municipal Law. Thus, the old section 3813 was broadened by this amendment to affect not only a tort action against the school district but also a tort action against the teacher. In view of the prior holding in the *Derlicka* case (*supra*) it cannot be argued that the purpose of the aforesaid amendment to section 3813 was only to restate the previous requirement that in a tort action against a teacher, notice of claim need be served only upon the school district but rather, it seems clear that by said amendment the Legislature intended that in an action where the teacher is a party, such notice of claim must be served not only upon the school district but also upon the teacher himself.

A similar conclusion has been reached in cases involving a section of the General Municipal Law similar in content to the aforesaid amendment. (*Schmid* v. *Werner,* 188 Misc. 718; *Matter of Polk* v. *City of New York,* 188 Misc. 727.) And, in the recent case of *Metcalf* v. *Central School Dist. No. 1* (280 App. Div. 875), the court held that the aforesaid amendment was not retroactive but stated that it required that a notice of claim be also served upon the teacher in a tort action brought against the teacher upon a claim arising subsequent to the effective date of said amendment.

With respect to the application in the second above-entitled action, it seems clear that the motion must be granted for the reason that the complaint not only fails to allege that a notice of claim on behalf of the father of the infant was served upon the school district but also fails to allege that such a notice of claim was served upon the defendants teachers.

Accordingly, both applications are granted. Settle orders on notice.