FRED WEISSMANN, Individually and as Guardian ad Litem of HENRY WEISSMANN, an Infant, Appellants, v. ROBERT EUKER, Respondent.

Third Department, December 23, 1955.

*Donald G. Walls* for appellants.

*Martin F. Holleran, Jr.,* for respondent.

BERGAN, J. The action is by an infant alleging that he was injured in a public school through the negligence of defendant Robert Euker, a teacher; and by the infant's father alleging damages for medical treatment and loss of services. Only the father's action has been dismissed at Special Term and he alone appeals; but the titles of the record and both briefs before us describe the infant as well as the father as " appellants ".

The accident occurred February 25, 1954, at the Harpursville Central School; and well within the ninety-day period prescribed by section 50-e of the General Municipal Law, a notice of claim was served on May 20, 1954, by the infant and the father on the board of education of the central school district. No notice of claim was at that time served on the defendant teacher.

An action was thereupon instituted by the infant and the father against the board of education and against Euker, the teacher, who is the sole defendant in the present action. The action against the board is still pending; but the action against the defendant teacher was dismissed, both as to the cause pleaded by the infant and by the father. The order of dismissal by the Special Term was entered October 6, 1954.

The ground for the motion upon which the order was based was that the teacher Euker as individual defendant had not been served personally with notice of claim and that, therefore, in the words of the notice, " the Court does not have jurisdiction of the subject matter of the action or the person of said defendant, because of the insufficient, improper and illegal service of the summons and complaint ".

The order itself recited that the ground of the motion was that the court " does not have jurisdiction over the person of the said defendant " and it " dismissed " the summons as well as the complaint. There was no provision for severance and continuance of the action against the board of education; but everyone in the case regards it as having been continued.

Upon dismissal of that action against Euker, plaintiffs promptly applied to the court at Special Term for permission, in pursuance of section 50-e of the General Municipal Law, to correct the procedural defect which they conceived to exist in their action by serving a late notice of claim. The court granted the motion as to the infant; denied it as to the father. The infant, on February 4, 1955, served the notice of claim on the defendant Euker; and thereafter both infant and father commenced this separate action against Euker which is now before us for consideration.

The complaint in this action does not allege the service of the notice of claim on the board of education May 20, 1954, within ninety days after the accident. It alleges the granting of the order allowing the late service of claim upon Euker in the infant's case; and pleads nothing about service of any claim at any time or on anyone in the father's case. The court has dismissed the father's complaint; we regard this as correctly decided in the face of the pleading; but we think permission ought to be allowed the father to replead if he is so advised.

When the motion in 1954 to dismiss on jurisdictional grounds the original action as against the teacher defendant was made at Special Term for a failure to serve notice of claim on him personally, the necessity for such personal service of the claim on the individual had been announced by the Appellate Division in *Sandak* v. *Tuxedo Union School Dist. No. 3* (283 App. Div. 732 [Feb., 1954], affg. 204 Misc. 178 [March, 1953]).

But after the dismissal of the original complaint against the teacher defendant (October 6, 1954) the Court of Appeals reversed the decision in the *Sandak* case (308 N. Y. 226 [Dec. 31, 1954]) and held that service of a notice of claim on a board of education was sufficient in an action against the teacher.

The ground for the motion to dismiss the father's complaint in the action now before us, in the words of the notice of motion, is that " there is an existing final decree of this Court rendered on the merits determining the same cause of action stated in the complaint between the parties herein ". Reference is made to " the order of the special term " entered October 6, 1954, which has been described.

It has already been noticed that the order of October 6, 1954, merely " dismissed " the summons and complaint of the infant and the father against the individual teacher because of lack of personal jurisdiction of defendant, and impropriety and insufficiency of the service of process upon him; and did not provide for a severance and continuance of the action against the board.

Therefore, no judgment was entered in favor of the teacher defendant; and without a severance, no judgment would have been entered, since the cause of action against the board continued and only one judgment may be entered in a case such as this unless there has been a severance.

There is, accordingly, no existing judgment in favor of the defendant; and there is no " final decree " in the words of the notice of motion, because the order at Special Term was not only not a judgment; but it certainly was not a " final decree ". As that term of art finds use in the practice it means a judgment in some form of equitable suit or its equivalent. An action such as this is terminated by a final judgment.

If we treat as having been done what one would ordinarily expect to be done under the practice, namely, to sever the action and to enter judgment in favor of the teacher defendant against the infant and his father as plaintiffs dismissing the complaint, such a judgment could not be deemed a " final " determination " on the merits " in view of the grounds upon which dismissal was sought by defendant and of the reasons for decision recited in the order of the Special Term and the general limitations of language of the order.

An adjudication that an action is to be dismissed because of a failure of the court to " have jurisdiction over the person of the said defendant " or because the " service of process upon him was insufficient and improper " is certainly not an adjudication on the " merits " of the controversy between the parties. Indeed, an adjudication that there is an absence of power to decide the controversy is the very antithesis of a determination on the merits.

It negatives such an adjudication by its very terms; and there would be nothing whatever to prevent a plaintiff in the face of a judgment of dismissal based on his failure to serve a complaint properly from starting a new action the next day by serving it properly. (See statutory treatment on the effect of " final judgment " on a " new action " in section 482 of the Civil Practice Act; *Holland* v. *Schwartz,* 259 App. Div. 1083, affg. 22 N. Y. S. 2d 283, and *Marsh* v. *Johnston,* 123 App. Div. 596.)

The question of jurisdiction has always been regarded as quite separable from the right or wrong of a controversy; and if the question that a court had not jurisdiction may always be raised, a decision that it had not jurisdiction is not conclusive between the parties either on the merits of their controversy, or, indeed, on the jurisdictional point itself.

Since we do not regard the order of October 6, 1954, as a judgment on the merits, it is unnecessary to determine whether the order was correctly decided. The court in granting the order followed, as we have noted, the decision of the Appellate Division in *Sandak* v. *Tuxedo Union School Dist. No. 3.* But when the Court of Appeals later reversed the Appellate Division it did not declare the law as of the date of its reversal. It declared the law as of the time of the decisions in the courts below.

There is an interesting distinction between a statutory enactment with its usual prospective effect and a decision of a court. In common-law theory the court declared the law as it had existed from the beginning of time. A reversal for error was not commonly regarded as a new pronouncement, but as a declaration of what had always been the law, but mistakenly interpreted.

This, of course, explains the traditional reliance upon precedent — and sometimes very old precedent — in justification of doing what is done in the present. The decision of the Court of Appeals would, we think, lead the Special Term upon proper application, to vacate its order of October 6, 1954, dismissing the complaint; but in the view we take of the case we suppose such an application to be unnecessary.

We conclude then that the complaint of the father in the present action is not barred by a prior final judgment between the parties. It is interesting to note that the infant's action here is in precisely the same situation as far as prior adjudication is concerned. The infant's action, as well as the father's was dismissed; and if there is deemed to have been a final adjudication against the infant, nothing that the Special Term later did in permitting a service of claim on the teacher defendant would help the infant over the bar of a prior final adjudication if there were one. Defendant did not, however, move against the infant's case; although it would be consistent to pursue such a motion.

But for reasons other than those discussed by the parties, the father's present complaint does not state a cause of action against the defendant teacher. It fails to allege in his case the service of any claim against anyone. We understand the

father's reliance in the teacher's action to rest upon the service of the claim on the board of education May 20, 1954, under the rule in the *Sandak* case. But that must be alleged; and the only allegation in respect of service of claim is the infant plaintiff's claim served late under permission of the court.

The notice of motion before us is broad enough to warrant a dismissal of the father's complaint on any available ground, as well as prior adjudication; and since we ought to embrace any ground for affirmance, this gives a sufficient justification to the order of dismissal. But we would allow the father to replead, showing the service of the notice of claim on the board in 1954.

The order should be modified to allow plaintiff father to replead, and as thus modified it should be affirmed, with $10 costs to appellant.

FOSTER, P. J., and COON, J., concur; HALPERN, J., concurs in the result; ZELLER, J., taking no part.

Order modified to allow plaintiff, Fred Weissmann, to replead and, as thus modified, affirmed, with $10 costs.