John J. Walsh, J.
The plaintiff, doing business as Acchino Shell Service, Upper Floyd Avenue, Rome, New York, commenced an action in Justices’ Court, City of Rome, on the 29th day of January, 1958 by personal service of a summons with notice upon the defendant, Dominick Soriano, demanding in the summons with notice the amount of $129.92 for work, labor and services performed at the request of the defendant.
A trial date in the action was first set for April 2, 1958 at the office of Lyle Bathrick, Justice of the Peace, City of Rome, and, at the request of defendant’s attorney, an adjournment was granted as to the trial date and subsequently defendant’s attorney made demand for service of a complaint in the action.
A complaint in this action was then served on defendant’s attorney on April 23, 1958 demanding the amount of $129.92, with interest from the 5th day of October, 1957. An answer was received by plaintiff’s attorney on May 13, 1958.
That thereafter on April 1,1959 a consolidated trial was held in Justices’ Court, City of Rome, for this action and for an action instituted by defendant against plaintiff and on April 8, 1959 the Justices’ Court rendered a no cause of action decision in both actions.
That following the decision and pursuant to section 442 of the Justice Court Act, prior to amendment, plaintiff served defendant with a notice of appeal for a new trial in the appellate court, and on or about May 26, 1959, plaintiff served defendant with a note of issue noticing said case on the County Court calendar.
That thereafter defendant served plaintiff with a notice of motion to vacate the said note of issue on the ground that section 442 of the Justice Court Act, as amended, does not give the County Court jurisdiction to hear the appeal because the amount demanded in plaintiff’s complaint does not exceed $250. That in opposing defendant’s motion, the affidavit of plaintiff’s attorney states that the effective date of the amendment (L. 1958, ch. 922) of section 442 was June 1, 1958, and that, in the language of this statute, since an issue of fact was *32 joined before the Justice prior to that date, the right of appeal is determined by section 442 prior to its amendment which stated, to wit: ‘ ‘ Where an issue of fact or an issue of law was joined before the justice and the sum for which judgment was demanded by either party in his pleadings, exceeds one hundred dollars * * #, the appellant * * * may demand a new trial in the appellate court ’
The significant words in section 442 of the Justice Court Act are: “Where an issue of fact or an issue of law was joined before the justice ’ ’.
A statute should not, in the absence of unequivocal expression of such legislative intent, be given restrospective effect so as to destroy or impair antecedent rights. (Hastings v. Byllesby & Co., 292 N. Y. 413, 419; Matter of Container Co. [Corsi], 298 N. Y. 277; Metcalf v. Central School Dist., 280 App. Div. 875; Garzo v. Maid of Mist Steamboat Co., 303 N. Y. 516.)
Motion is denied, without costs.