Charles A. Loreto, J.
This is a motion by defendant MCA Artists, Ltd., pursuant to rule 107 of the Rules of Civil Practice, for an order dismissing the first cause of action pleaded against it on the ground that it is barred by the Statute of Limitations, and dismissing the second cause of action pleaded against it on the ground that the contract on which that cause of action is based is unenforcible under the Statute of Frauds.
In this action plaintiff sues two defendants, Shirley MacLaine Parker, known professionally as Shirley MacLaine, and MCA Artists, Ltd., the moving defendant.
Plaintiff alleges for his sole cause of action in damages for breach of contract against defendant MacLaine that some time in the summer of 1954 she engaged plaintiff as her agent to negotiate a proposed five-year film contract between defendant MacLaine and Hal Wallis Productions, and that defendant MacLaine allegedly agreed to pay plaintiff, as a consideration for his services, 5% of her professional earnings for the five-year period of the Wallis contract. It is further alleged that plaintiff performed services and thereafter, in June or August, 1954, the proposed Wallis contract was signed, to run five years from the date thereof.
For the first cause of action against the defendant MCA Artists, Ltd., plaintiff alleges that MCA Artists, Ltd. induced the alleged breach of contract by defendant MacLaine and at the same time induced her to engage MCA Artists, Ltd. as her agent. It appears from the papers that the date of the alleged tortious inducement was September 17,1954 and that the instant action was not commenced against defendant MCA Artists, Ltd. until June, 1959. It seems, therefore, that plaintiff’s claim against defendant MCA Artists, Ltd. for inducing a breach of *469 contract is barred by the Statute of Limitations. Inducing a breach of contract is a tort (Posner Co. v. Jackson, 223 N. Y. 325; Hornstein v. Podwitz, 254 N. Y. 443) and the time limited for the commencement of such an action is three years (Civ. Prac. Act, § 49, subd. 7; General Construction Law, § 25-a). Thus plaintiff, by his own pleadings, indicates that if any inducement to breach of contract was committed, it was committed on or before September 17, 1954, when defendant MacLaine engaged defendant MCA Artists, Ltd. as her exclusive representative, manager and agent and agreed to pay it 10% of her earnings. It was then that the cause of action accrued and then that the Statute of Limitations began to run. Plaintiff’s plea that inducing a breach of contract is a continuing tort, enabling plaintiff to recover damages for commissions received within three years of suit, has been considered by this court and rejected in Hagan Corp. v. Medical Soc. of N. Y. (198 Misc. 207, affd. 279 App. Div. 1058).
Accordingly, the first cause of action brought by plaintiff against defendant MCA Artists, Ltd., is barred by the three-year Statute of Limitations and the motion to dismiss such cause is granted.
For a second cause of action against defendant MCA Artists, Ltd., for damages, plaintiff claims that on September 17, 1954, the date defendants MacLaine and MCA Artists, Ltd., entered into their contract, the defendant MCA Artists, Ltd., also promised defendant MacLaine that it would pay to plaintiff a sum equal to 5% of MacLaine’s earnings. The papers establish that there exists no writing subscribed by the defendant MCA Artists, Ltd., or any of its agents or anyone acting on its behalf, embodying any of the promises alleged by the plaintiff in the second cause of action against MCA Artists, Ltd., nor any note or memorandum thereof, and that this alleged oral promise was supposed to have been made at the same time that full and complete written contracts were entered into between the parties. Paragraph 11 of the contract of September 17, 1954 provides that it sets forth the entire agreement between the plaintiff and MCA Artists, Ltd., that it may not be cancelled, altered or amended except in writing, and that no promise or inducement was made to defendant MacLaine which is not set forth in the agreement. The alleged oral promise by MCA Artists, Ltd., to MacLaine that it would pay a sum equivalent to 5% of her earnings would have been at complete variance with the written contract, for paragraph 11 thereof provides that no promises were made by MCA Artists, Ltd. which were not set forth in the written agreement.
*470 Evidently, as this cause of action against MCA Artists, Ltd., is based upon an alleged oral agreement between the defendants MaeLaine and MCA Artists, Ltd., entered into contemporaneously with the written contract of September 17, 1954, proof of such agreement would be inadmissible under the parol evidence rule (Fogelson v. Rackfay Constr. Co., 300 N. Y. 334.). Moreover, inasmuch as paragraph 11 of the MacLaine-MCA Artists, Ltd. contract provides that it cannot be changed orally, the alleged oral promise of MCA Artists, Ltd. to MaeLaine is not actionable (Personal Property Law, § 33-c; Bright Radio Labs. v. Coastal Cory., 4 A D 2d 491, atfd. 4 N Y 2d 1021) and a suit in contract by an alleged third-party beneficiary is subject to the same defenses as a suit by a contracting party (17 C. J. S., Contracts, § 529, n. 43). Accordingly, the failure to comply with the Statute of Frauds is a bar to an action by an alleged third-party beneficiary.
Finally, a perusal of the contract indicates that the contractual liability of defendant MCA Artists, Ltd. will subsist whenever MCA Artists, Ltd. receives commissions received by it on MaeLaine’s earnings, and thus by its express terms is unenforcible under the Statute of Frauds, as an alleged promise by MCA Artists, Ltd. to pay plaintiff was incapable of performance within one year because the obligation to pay commissions would subsist for five years (Martocci v. Greater New York Brewery, 301 N. Y. 57). Therefore, the alleged oral promise is barred by the Statute of Frauds. The fact that the contract provides that the plaintiff may terminate his employment within one year upon the happening of a certain event is not conclusive for it also provides for a continuing contingent liability of the defendant MCA for a longer period of time.
For the above reasons, the motion is granted in all respects. Settle order.