Walter R. Hart, J.
Defendants move to dismiss this complaint pursuant to CPLR 3211 (subd. [a], par. 5) on the sole ground that the causes of action therein are barred by the Statute of Limitations. The action brought by plaintiff following his allegedly wrongful ouster as a member of the union seeks refund of a fine levied against him and damages both compensatory and exemplary against the defendants individually and as officers of the defendant union, a membership association. Plaintiff also prays for equitable relief with regard to his status as a member of the union.
The plaintiff, a bricklayer by trade, alleges that as a result of the machinations and malicious acts of the individual defendants he was initially fined the sum of $1,000 and later illegally expelled from this masons’ union and has been largely deprived of an opportunity to earn a livelihood at his usual occupation. The complaint alleges with adequate particularity as to dates and occasions for the purposes of this motion that the asserted wrongful acts all took place more than three years prior to institution of this action. It is defendants’ claim that the complaint and all causes of action therein pleaded are basically in tort and therefore should be dismissed pursuant to CPLR 214 (subd. 4), as an action “ to recover damages for an injury to property”. Pursuant to section 25-b of the General Construction Law “Injury to property ” is defined as “an actionable act, whereby the estate of another is lessened, other than *1042 * * * the breach of a contract.” Accordingly, unless plaintiff’s causes of action can be spelled out in contract, they may be classified in tort and subject to three-year limitation under CPLR 294 (subd. 4).
Proceeding first to the case in damages for the wrongful expulsion pleaded against the union itself, there is adequate precedent for treating this as an action ex contractu. The leading case on the .subject is Polin v. Kaplan (257 N. Y. 277, 281) which states: “ The constitution and by-laws of an unincorporated association express the terms of a contract which define the privileges secured and the duties assumed by those who have become members ”. A later case, Madden v. Atkins (4 N Y 2d 283, 295, citing Polin v. Kaplan with approval), succinctly states: ‘ ‘ the decisions sustain the right of one wrongfully expelled to recover damages from the union, for what amounts to a breach of contract ”.
With respect to the cause of action for refund of the $1,000 fine levied on plaintiff and collected from him, theory appears to be that of money had and received as against the defendant union and is also an action in contract on the authority of Schreibman v. Chase Manhattan, Bank (15 A D 2d 769, 770) which states: “An action for money had and received — in effect an action on a contract implied in law — arises when the acts of the parties or others have placed in the possession of one person money * * * under such circumstances that in equity and good conscience he ought not * * * retain it, and which ex aequo et bono belongs to another.”
Proceeding to plaintiff’s claims against the individual defendants, this court can find no theory in contract not barred by the Statute of Limitations on which they can be sustained. Without question, if plaintiff’s membership in defendant union is a contract, these individual defendants were parties thereto only in their representative capacity as officers of the union and bear no personal responsibility except for the possible tortious conduct which resulted in or contributed to plaintiff’s damages. Such tortious conduct is clearly spelled out by the complaint which variously describes their wrongful acts in inducing the breach by the union. “ Inducing a breach of contract is a tort (Posner Co. v. Jackson, 223 N. Y. 325; Hornstein v. Podwitz, 254 N. Y. 443) and the time limited for the commencement of such an action is three years ” (Hanrihan v. Parker, 19 Misc 2d 467, 468; see, also, Side v. Thompson, 205 N. Y. S. 2d 240 and cases therein cited). The interposition of the prayers for equitable relief does not .serve to extend the limitations with respect to the claims against the individual defendants. Equi *1043 table causes of action fall into the so-called ‘ ‘ residual' ’ subdivision 1 of GPLR 213 which provides for a six-year limitation. However, “ where an adequate legal remedy has lapsed because of the plaintiff’s inaction, the plaintiff will not be allowed to extend the period of limitation by bringing an action for equitable relief”. (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 213.01.) Since plaintiff’s equitable requirements here may be adequately provided for in a judgment against the union, the claim against the individual defendants must fail if otherwise barred by the Statute of Limitations. ‘ ‘ When a legal and an equitable remedy exists as to the same subject-matter, the latter is under the control of the same statutory bar as the former”. (Keys v. Leopold, 241 N. Y. 189, 193, as quoted in Schreibman v. Chase Manhattan Bank, 15 A D 2d 769, supra.)
The case of Fittipaldi v. Legassie (18 A D 2d 331) cited by plaintiff in support of his position, is sound precedent for coupling claims in tort and contract against defendants individually and as representatives of a defendant union. However, it is of no aid in this instant situation since no time limitation for commencement of the action was there involved.
It is to be noted in passing that the darts leveled by opposing counsel against each other in the submitted affidavits and in the considerable correspondence addressed to the court added nothing to the facts and would have been better devoted to that purpose.
Motion is granted to the extent that causes of action against individual defendants only are dismissed. Plaintiff may serve an amended complaint in accordance with the foregoing within 10 days after service of a copy of the order to be entered hereon.