■ J. LEE KAVANAU, Appellant, v. VIRTIS COMPANY, INC., et al., Respondents.— Order entered on or about January 13, 1969, dismissing complaint, unanimously reversed on the law, with $50 costs and disbursements to the appellant, and motion denied, and the judgment entered thereon reversed. The Court of Appeals (21 N Y 2d 837, Feb. 22, 1968) has expressly permitted the plaintiff or his assignor to bring an action in damages in *quantum meruit*. Such is the general nature of the complaint before us. And since it has been brought within six months of the Court of Appeals disposition and is "based upon the same transaction" it is a permissible new action within the protection of CPLR 205 (subd. [a]). See *Titus* v. *Poole* (145 N. Y. 414, 423) construing a predecessor statute under the Code of Civil Procedure. The present complaint rests upon

the same general allegations and operative facts as the previous action; the subject matter is the same; the apparati and items pertaining thereto are the same; the alleged breach of contract involves the same transaction, and the grievance is the same, namely deprivation of compensation for ideas and information imparted by plaintiff to defendant, the benefits of which the defendants have unlawfully appropriated and enriched themselves. The action is well taken. (*Petnel* v. *American Tel. & Tel. Co.,* 280 App. Div. 706, 708.) The defendant Cenco Instruments Corporation is also permissibly joined by virtue of the allegations in the complaint, which for present purposes, are presumably true. Concur — Stevens, P. J., Capozzoli, McGivern, Markewich and McNally, JJ.