■ McFarland-Johnson-Gibbons Engineers, Inc., Appellant, v Eugene F. Gibbons, Respondent.—In an action *inter alia* for an accounting, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered June 2, 1975, in favor of defendant, after a nonjury trial. Judgment affirmed, with costs, on the opinion of Mr. Justice Meade. Hopkins, Acting P. J., Latham, Christ, Titone and Hawkins, JJ., concur.

■ Nessco Surgical Products, Inc., Respondent, v Long Island Trust Company, Appellant.—In an action to recover damages based, *inter alia,* upon defendant's alleged wrongful failure to present a sight draft for timely collection, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County, dated January 20, 1975, as, in treating its motion to dismiss the complaint for failure to state a cause of action as one also for summary judgment, denied the said motion. Order affirmed insofar as appealed from, with $50 costs and disbursements. Issues of fact are present which preclude the grant of summary judgment. These are, *inter alia,* whether the defendant exercised ordinary care in selecting properly qualified intermediary banks and agents and in giving proper instructions to them (see Uniform Commercial Code, § 4-202 [and par 4 of the Official Comment thereto, McKinney's Cons Laws of NY, Book 62½, Part 2, p 552]); and whether defendant's actions or nonaction complied with general banking usage (see Uniform Commercial Code, § 4-103, subd [3] [and par 4 of the Official Comment thereto, McKinney's Cons Laws of NY, Book 62½, Part 2, pp 522–523]). Cohalan, Acting P. J., Margett, Damiani and Hawkins, JJ., concur; Shapiro, J., dissents and votes to reverse the order insofar as appealed from and grant summary judgment to defendant, with the following memorandum: In my opinion, there is no issue of fact in this case which requires a trial. Defendant conformed with the Uniform Commercial Code in all respects. I would, therefore, reverse the order under review, and grant the motion insofar as it was treated by Special Term as one for summary judgment.

■ Eric H. Paige, Doing Business as Second York Co., Appellant, v White Plains Urban Renewal Agency, Respondent.—In an action *inter alia* to declare the rights of the parties with respect to the condemnation of certain property, plaintiff appeals from an order of the Supreme Court, Westchester County, dated January 19, 1971, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211. Order affirmed, with $50 costs and disbursements. The doctrine of *res judicata* bars litigation in the present action of issues which were previously determined or which could have been determined in the prior condemnation proceeding since "the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first" *(Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 307). Cohalan, Acting P. J., Margett, Damiani, Shapiro and Hawkins, JJ., concur.