■ AMERICAN AIRLINES, INC., Appellant, v TRANSPORT EXPRESS, INC., Respondent, and MANUFACTURERS HANOVER TRUST COMPANY et al., Respondents.—Judgment, Supreme Court, New York County, entered May 11, 1976, unanimously affirmed. Respondents shall recover of appellant $60 costs and disbursements of this appeal. On April 3, 1975, appellant obtained judgment against Transport Express, Inc. ("Transport"), for over $20,000. Pursuant to the judgment, appellant issued an execution and, on May 15, 1975, the Sheriff levied on the moneys payable to Transport by Aileen, Inc., and by Manufacturers Hanover Trust Company. However, the judgment was vacated May 29, 1975 with the court, nonetheless, allowing it to stand as security to the extent of $12,000. Meanwhile, Trans World Airlines, Inc., another judgment creditor of Transport, obtained the appointment of a receiver by order of the Supreme Court, Queens County, entered October 23, 1975. Appellant appeared in that proceeding, opposed the appointment of the receiver and contended that its judgment, standing as security to the extent of $12,000, deserved priority. Plaintiff's arguments came to no avail. On December 17, 1975 appellant entered a final judgment by default of almost $22,000 against Transport. Appellant argues that although its judgment entered April 3, 1975 was subsequently vacated, having been permit-

ted to stand as security to the extent of $12,000, it has priority rights over intervening judgment creditors. However interesting or valid that position may be, its determination does not affect the case at bar. Appellant appeared and litigated its claim before the Supreme Court, Queens County. That court rejected appellant's claim of a priority and that decision stands as *res judicata*. "The judgment in an action is conclusive upon the parties in any subsequent action involving the same cause of action both as to those matters actually litigated and those matters that might have been litigated but were not" (5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.17; see, also, *Schuylkill Fuel Corp. v Nieberg Realty Corp.*, 250 NY 304, 306–307). "The general principle announced in numerous cases is that a right, question or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies". *(Southern Pacific R. R. v United States,* 168 US 1, 48.) As plaintiff litigated the issue of priority of claim in the Queens action, it may further its argument only through the proper appeal process and not by raising it *de novo.* Concur—Lupiano, J. P., Capozzoli, Lane, Nunez and Lynch, JJ.