Memorandum. The order of the Appellate Division should be affirmed.
Plaintiff, having been awarded a contract with the State of New York for the demolition of 53 buildings in the City of Troy, alleges in its complaint for wrongful interference with the performance of the contract, that the city refused to issue demolition permits applied for on two occasions, "on or about” November 12, 1971 and on January 11, 1972. An affidavit of *1103 plaintiffs attorney in opposition to the motion to dismiss indicates that the refusals occurred on the same days as those on which the applications were made. The complaint also asserts that a notice of claim was served on the city on or about May 22, 1972.
Since the wrong or wrongs alleged in the complaint are not continuing torts (see Band v Town of Colonie, 36 AD2d 785; Buscarello v Guglielmelli, 44 Misc 2d 1041, 1042-1043; Hanrihan v Parker, 19 Misc 2d 467, 469; Hagan Corp. v Medical Soc. of County of N. Y., 198 Misc 207, 209, affd 279 App Div 1058; 32 NY Jur, Interference, § 34), and since the cause or causes of action, if any, accrued at the time of the sustaining of injury, which injury, however viewed, was more than 90 days prior to the filing of the notice of claim (Schmidt v Merchants Desp. Transp. Co., 270 NY 287, 300; Band v Town of Colonie, 36 AD2d 785, 786, supra; see D’Amico v Winkelman Co., 51 Misc 2d 205, 207; but see Victorson v Bock Laundry Mach. Co., 37 NY2d 395, 403), the complaint was properly dismissed for failure to comply with section 50-e of the General Municipal Law. Defendant’s service of a notice of appeal in an article 78 proceeding effected a stay of "all proceedings to enforce the judgment or order appealed from” therein (CPLR 5519, subd [a]), but in no way prevented plaintiff from filing a notice of claim against defendant.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.