VAN DUSSEN-STORTO MOTOR INN, INC., Respondent, v ROCHESTER TELEPHONE CORPORATION, Appellant. (Appeal No. 1.)

VAN DUSSEN-STORTO MOTOR INN, INC., Respondent, v ROCHESTER TELEPHONE CORPORATION, Appellant. (Appeal No. 2.)

Fourth Department, July 13, 1978

246

APPEARANCES OF COUNSEL

*Nixon, Hargrave, Devans & Doyle (Edward J. Burns* and *Sherry S. Kraus* of counsel), for appellant.

*Robinson, Williams & Angeloff (Dirk S. Adams* of counsel), for respondent.

## OPINION OF THE COURT

SCHNEPP, J.

Appellant appeals from orders denying in part its motions to dismiss respondent's entire complaint on various grounds including *res judicata,* Statute of Limitations and lack of standing, and for leave to reargue.

This case is no stranger to the courts. The controversy centers on Rochester Telephone Corporation's (RTC) refusal to permit Van Dussen-Storto Motor Inn, Inc. (Van Dussen) to interconnect RTC's telephone system with the equipment of a private supplier, Universal Communications System (Universal), because a tariff which RTC had duly filed with the Public Service Commission (PSC) prohibited this use. In its first lawsuit instituted on November 15, 1971 Van Dussen alleged six causes of action. The first sought rescission of a November 4, 1968 agreement between RTC and plaintiff because of duress; the second alleged that RTC's rates were unreasonable; the third, that RTC tortiously interfered with plaintiff's contract with Univeral; the fourth, that RTC acted in violation of State antitrust laws; the fifth, that RTC acted in violation of Federal antitrust laws; and the sixth sought consequential damages flowing from the first five causes of action. RTC's motion to dismiss this complaint was granted with respect to all causes of action except the first *(Van Dussen-Storto Motor Inn v Rochester Tel. Corp.,* 72 Misc 2d 34).* On appeal, this court modified Special Term's decision by

dismissing the first cause of action and otherwise affirmed (42 AD2d 400). The court held (Justice MOULE writing, p 402) that the reasonableness of the tariff, not RTC's action in accordance with it, was at the heart of plaintiff's first cause of action, and that the doctrine of primary administrative jurisdiction mandated that plaintiff attack the reasonableness of the tariff before the PSC. This reasoning was also applied in affirming the dismissal of the second and third causes of action. The fourth and fifth causes of action were found to be "without merit" because "RTC acted in accordance with its duly filed tariffs" (p 404). The sixth cause of action fell, since the other causes of action were dismissed (pp 402-404). The Court of Appeals affirmed on the opinion of Justice MOULE (34 NY2d 904).

On July 1, 1974 Van Dussen filed a complaint with the PSC, claiming that RTC violated its tariff, coerced plaintiff into signing the 1968 agreement, and "discriminated" against it when RTC "unlawfully refused * * * permission to install the privately supplied telecommunication system". Van Dussen requested that the PSC enter an appropriate order directing RTC to respond in damages, annulling the 1968 agreement and adjudicating the rights and liabilities of the parties. The complaint did not explicitly attack the reasonableness or legality of the tariff or make any mention of a violation of antitrust laws. In a letter to plaintiff, the PSC stated that it could find "no apparent violation by Rochester Telephone Corporation of either its tariffs or the rules and regulations of this Commission". The PSC properly noted that the relief requested was not within the scope of their powers to grant, and suggested that Van Dussen's appropriate recourse was to the courts.

In August, 1974 the instant action was commenced by service of a summons and an "amended" complaint, which sets forth only four causes of action, corresponding directly to the first four causes of action contained in the original complaint. Van Dussen presently contends that RTC applied its tariff in a discriminatory manner by permitting others of its customers to interconnect with non-RTC systems while at the same time it refused to permit Van Dussen to do so. Plaintiff maintains that RTC's discriminatory acts coerced it into entering the 1968 agreement and an April 4, 1971 escrow agreement covering termination charges, and that RTC interfered with Van Dussen's contract with Universal and violated sec-

tion 340 of the General Business Law. RTC, in turn, moved to dismiss the amended complaint.

Special Term dismissed the second cause of action in all respects and portions of the third and fourth causes as being barred by *res judicata,* and otherwise denied the motion. RTC's motion for leave to renew or reargue its motion to dismiss was denied, but it was permitted to assert the Statute of Limitations as a separate affirmative defense in its answer.

■ ■ We first consider RTC's primary contention that the causes of action are barred by *res judicata* and collateral estoppel. In the complaint before this court plaintiff does not challenge the reasonableness of RTC's tariff as it did in its first action, but claims that RTC discriminatorily applied the tariff. This claim was not previously before the court and thus the doctrine of *res judicata* has no application (9 Carmody-Wait 2d, NY Prac, § 63:203). Moreover, the original complaint was dismissed for lack of jurisdiction. Since that did not constitute an adjudication on the merits *(Weissmann v Euker,* 1 AD2d 30, 33-34), the doctrine of *res judicata* does not preclude the plaintiff from asserting these causes of action (9 Carmody-Wait 2d, NY Prac, § 63:221).

■ ■ Furthermore, RTC's argument that plaintiff is estopped from basing its complaint on allegations inconsistent with those set forth in its original complaint has no merit. In the original complaint Van Dussen sought damages caused by "a concerted action on the part of [RTC] requiring all of [its] customers * * * to refuse to deal with and/or use any telephone device not provided by [RTC]". Plaintiff charges in its present complaint that RTC "treated plaintiff differently from other customers similarly situated" and permitted its other customers to install privately supplied telecommunication systems. Although a litigant may be estopped from assuming inconsistent positions in successive lawsuits (5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.09), absolute and entire consistency in the allegations of a complaint is not required. Furthermore, absent a showing of prejudice, the principles of estoppel do not apply (21 NY Jur, Estoppel, Ratification and Waiver, § 58).

■ Even though there was prior action by the PSC, the doctrines of *res judicata* and collateral estoppel still do not apply. The PSC merely reviewed the petition; it pursued no investigation, held no hearings and made no determination on the merits of Van Dussen's claims (see Public Service Law,

§ 96, subds 1, 3; § 97, subd 2). Its action cannot be characterized as a judicial or quasi-judicial determination entitled to *res judicata* status *(Taylor v New York City Tr. Auth.,* 309 F Supp 785, 791, affd 433 F2d 665). The PSC's letter does not preclude a formal judicial determination of the issues *(Rembrandt Ind. v Hodges Int.,* 38 NY2d 502; *Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304; *American Airlines v Transport Express,* 55 AD2d 513; *Paige v White Plains Urban Renewal Agency,* 51 AD2d 733; 9 Carmody-Wait 2d NY Prac, § 63:205; 5 Weinstein-Korn-Miller, NY Civ Prac, pars 5011:25, 5011:27).

■ We next consider the viability of RTC's Statute of Limitations claim, which is properly before this court. Special Term's denial of RTC's motion for leave to reargue its motion to dismiss is not appealable *(Birdsall v City of New York,* 60 AD2d 522), but the issue of Statute of Limitations is preserved for review. Although the issue was not argued at Special Term, it was raised in RTC's notice of motion to dismiss (CPLR 5501, subd [c]; *Conrad v Beneficial Fin. Co. of N. Y.,* 57 AD2d 91, 95; 10 Carmody-Wait 2d, NY Prac, § 70:301).

■ Van Dussen's first cause of action for rescission was timely commenced. Rescission is an equitable cause of action *(Overland v Le Roy Foods,* 113 NYS2d 124, affd 279 App Div 1085), therefore the six-year Statute of Limitations governs (CPLR 213, subd 1; *Buscarello v Guglielmelli,* 44 Misc 2d 1041, 1042-1043; 1 Weinstein-Korn-Miller, NY Civ Prac, par 213.01) and not the three-year statute which controls causes of action created by statute (CPLR 214, subd 2). A cause of action against a utility for unjust discrimination existed at common law *(New York Tel. Co. v Siegel-Cooper Co.,* 202 NY 502); hence, a statute was not necessary to impose liability (cf. *Shepard Co. v Taylor Pub. Co.,* 234 NY 465). At the earliest, plaintiff's first cause of action accrued on November 4, 1968, the date of its agreement with RTC. Therefore, Van Dussen would have until November 4, 1974 to commence its action (CPLR 213, subd 1). The present action was concededly commenced on or about August 8, 1974.

■ Plaintiff's third cause of action for tortious interference with a contract is governed by the three-year Statute of Limitations (CPLR 214, subd 4; *Rolnick v Rolnick,* 29 AD2d 987, affd 24 NY2d 805). At the latest, this cause of action accrued at the end of April, 1971 when plaintiff disconnected the RTC system, installed Universal's equipment and entered into an escrow agreement with RTC to insure a continuance of

its service. Therefore, the third cause of action is barred by the Statute of Limitations. CPLR 205 (subd [a]) does not save this cause of action from dismissal. Although the allegations in this cause of action are largely identical to those contained in the third cause of action of the first lawsuit, Van Dussen now focuses on RTC's alleged discriminatory application of the tariff instead of the legality or reasonableness of the tariff. In other words, the second action is not based on the same "transaction or occurrence" or the same "operative facts" as the first lawsuit *(Titus v Poole,* 145 NY 414, 423; *Kavanau v Virtis Co.,* 32 AD2d 754, 755; 1 Weinstein-Korn-Miller, NY Civ Prac, par 205.04).

The final issue in this appeal is whether Special Term erred in dismissing all of plaintiff's fourth cause of action which alleged a violation of section 340 of the General Business Law, except for its allegation that "defendant has violated § 340 of the General Business Law in coercing plaintiff to forego the use of the privately supplied tele-communications systems while at the same time permitting others of its customers to do so either directly or by purchase of privately supplied equipment through defendant", and permitting plaintiff to amend the complaint to "set forth in what manner the actions of the defendant had a wrongful and damaging effect or constituted an unlawful restraint of commerce", subject to an RTC motion to dismiss for insufficiency *(Van Dussen-Storto Motor Inn v Rochester Tel. Corp.,* Supreme Court, Monroe County, March 26, 1975, Boehm, J., p 19). The amended complaint, ostensibly drafted to accord with Special Term's directives, is attached to plaintiff's appellate brief. It may not, however, be properly reviewed by this court, since it is not a part of the record on appeal *(Mulligan v Lackey,* 33 AD2d 991, 992).

At the core of plaintiff's private antitrust complaint is its claim that defendant discriminated among its customers in the application of its filed tariffs. There is no question that a public utility subject to the provisions of the Public Service Law can be deemed to have unlawfully restrained competition *(Columbia Gas of N. Y. v New York State Elec. & Gas Corp.,* 28 NY2d 117).

■ Van Dussen maintains that RTC's restraint on competition forces plaintiff to pay more for telephone equipment and services and that plaintiff, as a business consumer of goods,

has standing to sue.[1] However, to sustain an antitrust cause of action, plaintiff must allege that defendant's illegal restraint of trade proximately caused damage to plaintiff's business or property. The injury or damage must be to plaintiff's competitive interest in the business in which it is engaged (see *Ragar v Raney & Sons*, 388 F Supp 1184, affd 521 F2d 795). Plaintiff must allege a causal link to its injury which is direct rather than incidental or remote to have standing to sue[2] (see *GAF Corp. v Circle Floor Co.*, 463 F2d 752, cert dsmd 413 US 901; *Ragar v Raney & Sons, supra).* However, RTC is a legal monopoly. It is the tariff itself, not any alleged illegal activity of RTC, which restricts competition and produces the result complained of by Van Dussen. There is no causal link between defendant's actions and plaintiff's damage. If plaintiff had claimed that its ability to compete in the motel and hotel business was diminished because its competitors were given favored treatment by RTC, a causal link between RTC actions and Van Dussen's claimed injury might have been established. Plaintiff simply has no standing to bring this cause of action.

■ Special Term is empowered freely to grant leave to litigants to amend pleadings (CPLR 3025, subd [b]), absent a showing that amendment would be futile, palpably insufficient or immaterial (3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.15). This court possesses the same power and discretion as Special Term *(Phoenix Mut. Life Ins. Co. v Conway,* 11 NY2d 367; 7 Weinstein-Korn-Miller, NY Civ Prac, par 5501.22). Special Term erred in granting plaintiff leave to amend. That portion of the fourth cause of action which was not dismissed by Special Term is undermined by plaintiff's own interpretation of the theory of defendant's liability. Plaintiff asserts no claim upon which a finding of economic injury could be established which would give it standing. This underscores the futility and insufficiency of any amendment.

The order should be modified by reversing so much thereof

---

1. Plaintiff takes the same position in its amended complaint attached to its brief.

2. The 1975 amendment of section 340 of the General Business Law, which provided "penalty levels for violations of the State's antitrust laws to conform to the Federal penalty structure" (Governor's Message, NY Legis Ann, 1975, p 428; see Memoranda of Attorney-General, NY Legis Ann, 1975, p 83), brought with it a history of judicial interpretation by Federal courts, which have amplified proximate cause by providing a "target area" test to determine standing to sue *(Lerner Stores Corp. v Parklane Hosiery Co.,* 86 Misc 2d 215, 218, affd on other grounds 54 AD2d 1072). Since this action was commenced prior to the amendment, the "unamplified" proximate cause test and not the "target area" test applied here.

as denied defendant's motion seeking dismissal of the third and fourth causes of action, and the motion granted. In view of the foregoing, the court does not address itself to other issues raised in this appeal.

MARSH, P. J., MOULE and DILLON, JJ., concur; DENMAN, J., not participating.

(Appeal No. 1.) Order unanimously modified in accordance with opinion by SCHNEPP, J., and, as modified, affirmed, with costs to defendant.

(Appeal No. 2.) Appeal unanimously dismissed as moot in view of determination and opinion in Appeal No. 1, decided herewith.