■ MARGARET B. BUTLER et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v CALDWELL & COOK, Respondent. LYNE E. CICON et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v CALDWELL & COOK, Respondent.—Order affirmed without costs. Memorandum: Plaintiffs' motion for leave to replead was properly denied. By order dated July 8, 1985, Special Term dismissed with prejudice seven of plaintiffs' causes of action, while the remaining three causes of action were dismissed with permission to move to replead. We affirmed Special Term's order on July 11, 1986 (Butler v Caldwell & Cook, 122 AD2d 559). Plaintiffs moved on February 16, 1987 and February 28, 1987, respectively, for leave to replead the conditionally dismissed causes of action. Because of plaintiffs' unreasonable delay, Special Term did not abuse its discretion in denying plaintiffs' motion (Beuschel v Malm, 114 AD2d 569). While the six-month period set forth in CPLR 205 (a) is inapplicable, we see no reason why a party whose claim was conditionally dismissed should be granted, absent compelling circumstances, a longer period to replead than one whose action was dismissed.

All concur, except Callahan, J. P., and Boomer, J., who dissent and vote to reverse and grant the motion, in the following memorandum.

Callahan, J. P., and Boomer, J. (dissenting). Special Term dismissed plaintiffs' complaints with permission to move to replead upon submission of complaints showing the dates that plaintiffs became the owners of the properties and upon an evidentiary showing that the dates were within the period of the Statute of Limitations. We affirmed the order of Special Term *(Butler v Caldwell & Cook,* 122 AD2d 559).

More than six months after our order of affirmance, plaintiffs moved at Special Term for leave to replead, submitting proposed complaints setting forth the dates that plaintiffs became the owners of the properties, together with affidavits showing that the dates fell within the period of the Statute of Limitations. Special Term denied plaintiffs' motions for leave to replead, stating that the actions had been terminated and therefore the motions were untimely *(see,* CPLR 205 [a]).

CPLR 205 (a), entitled "New action by plaintiff", provides that "[i]f an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same transaction * * * within six months after the termination". Section 205 (a) does not apply in this instance because plaintiffs' actions were not terminated; plaintiffs were given leave to apply to amend their complaints in the existing actions. This is not a case where the court dismissed the action without prejudice to bringing a new action *(see, Caruthers v Bankers Trust Co.,* 242 NY 554; *Kavanau v Virtis Co.,* 32 AD2d 754). Here the court sanctioned a motion in the existing actions to amend the complaints. CPLR 203 (e) provides that a claim in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed unless the original pleading does not give notice of the transaction alleged in the amended pleading. Here the original complaints give notice of the transactions alleged in the proposed amended complaints. Thus, the period of limitation on the cause of action alleged in the amended complaints must be measured from the time the cause of action arose (when plaintiffs acquired their properties) to the time the actions were commenced by the service of the summonses and original complaints. Both actions were commenced within six years of the time plaintiffs acquired their properties; hence, the causes of action asserted in the amended complaints are not barred by the Statute of Limitations.

The majority agrees that CPLR 205 (a) is inapplicable, but

holds that the motions must be dismissed, nevertheless, because of plaintiffs' unreasonable delay in making the motions. From the record we cannot tell whether the delay, although long, was unreasonable under all of the circumstances of this case. Moreover, neither the parties nor the court addressed the issue at Special Term and neither party addressed the issue in their briefs on this appeal. Appellate courts should be slow to change the theory upon which a matter is presented and decided in the court of original instance unless it is quite apparent that the parties have had full and adequate opportunity to meet and answer the new issues *(Wells v Fisher,* 237 NY 79, 84).

Accordingly, we respectfully dissent and vote to reverse the order appealed from and grant plaintiffs' motions for leave to replead. (Appeal from order of Supreme Court, Monroe County, Cornelius, J.—amend complaint.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.