■ SPINAP CORP., INC., Appellant, v NICHOLAS J. CAFAGNO, Defendant, and NILES AGENCY, INC., Respondent. [756 NYS2d 86] —In an action, inter alia, to recover damages for tortious interference with contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), entered March 18, 2002, which granted the motion of the defendant Niles Agency, Inc., to dismiss the complaint insofar as asserted against it on the ground that it is time-barred.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly determined that the plaintiff's fifth and sixth causes of action, inter alia, to recover damages against the defendant Niles Agency, Inc. (hereinafter Niles), for tortious interference with contract, are time-barred. According to the allegations in the complaint, dated April 27, 2000, the plaintiff's claims against Niles accrued in August 1994, when Niles allegedly induced the defendant Nicholas J. Cafagno to breach his contract with the plaintiff by accepting employment with Niles, even though Niles was aware of the contract between the plaintiff and Cafagno. By that contract, Cafagno agreed not to engage, directly or indirectly, in a business similar to the plaintiff's. The complaint also alleges that, beginning in August 1994, Cafagno utilized confidential information obtained from the plaintiff in soliciting the plaintiff's property and casualty insurance customers, that Niles was aware of Cafagno's actions, and that it also was aware that Cafagno had agreed not to solicit any of the plaintiff's customers (*see Kronos, Inc. v AVX Corp.,* 81 NY2d 90, 94 [1993]; *American Fed. Group v Edelman,* 282 AD2d 279 [2001]; *Bib Constr. Co. v City of Poughkeepsie,* 273 AD2d 186, 187 [2000]). Accordingly, all of the facts necessary to the causes of action sounding in tortious interference with contract existed by August 1994, and the plaintiff could have obtained relief in court as of that date (*see Ackerman v Price Waterhouse,* 84 NY2d 535, 541 [1994]). Thus, the complaint, filed more than three years later, is time-barred (*see* CPLR 214 [4]; *Kartiganer Assoc. v Town of New Windsor,* 108 AD2d 898, 899 [1985]).

Since tortious interference with contract is not a continuing tort, it does not avail the plaintiff to argue that Cafagno continued to solicit its customers up until the time of the filing of the complaint, or that most of the solicitations occurred in 1997, 1998, and 1999 (*see Bloomfield Bldg. Wreckers v City of Troy,* 41 NY2d 1102, 1103 [1977]; *Hanrihan v Parker,* 19 Misc

2d 467, 469-470 [1959]; *Hagan Corp. v Medical Socy. of County of N.Y.,* 198 Misc 207, 209 [1950], *affd* 279 App Div 1058 [1952]; 72 NY Jur 2d, Interference § 21).

The plaintiff's remaining contentions are without merit. Krausman, J.P., Schmidt, Crane and Rivera, JJ., concur.