Woodman v Woodman (2018 NY Slip Op 04479)





Woodman v Woodman


2018 NY Slip Op 04479


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.


722 CA 17-01437

[*1]SARAH H. WOODMAN, PLAINTIFF-RESPONDENT,
v
LEIF WOODMAN, DEFENDANT-APPELLANT. 






LEIF WOODMAN, DEFENDANT-APPELLANT PRO SE. 
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (LAURA J. EMERSON OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered June 29, 2017 in a divorce action. The order, among other things, awarded plaintiff spousal maintenance and equitably distributed the marital assets. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Defendant appeals from an order that, inter alia, awarded plaintiff spousal maintenance and equitably distributed the parties' marital assets. The appeal must be dismissed based on defendant's failure to provide an adequate record to permit meaningful appellate review (see Mergl v Mergl, 19 AD3d 1146, 1147 [4th Dept 2005]). " It is the obligation of the appellant to assemble a proper record on appeal. The record must contain all of the relevant papers that were before the Supreme Court' " (id.). Our rules require that "[t]he complete record on appeal shall include, in the following order: the notice of appeal with proof of service and filing; the order or judgment from which the appeal is taken; the decision, if any, of the court granting the order or judgment; the judgment roll, if any; the pleadings of the action or proceeding; the corrected transcript of the action or proceeding or statement in lieu of transcript, if any; all necessary and relevant motion papers; and, to the extent practicable, all necessary and relevant exhibits" (22 NYCRR 1000.4 [a] [2]; see CPLR 5526). Here, defendant contends that plaintiff did not timely respond to his discovery requests, and failed to disclose discovery material and to file a note of issue and certificate of readiness. The record on appeal, however, contains only the notice of appeal, the decision and order of Supreme Court, the pleadings, and excerpts from the transcript of a hearing, and thus the record does not contain the necessary and relevant motion papers and exhibits with respect to the issues raised on appeal. We note that, although defendant has attached some additional documents as exhibits to his appellant's brief, those documents are not properly part of the record on appeal (see CPLR 5526, 5528; Van Dussen-Storto Motor Inn v Rochester Tel. Corp., 63 AD2d 244, 251 [4th Dept 1978]).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court