JOHN A. TRINCHERE and JAMES J. O'BRIEN, Conducting Business under the Trade Name of UTILITY ADVISORY BUREAU, Plaintiffs, *v.* THE UNITED ELECTRIC LIGHT & POWER COMPANY, THE NEW YORK EDISON COMPANY, THE NEW YORK EDISON COMPANY, INC., Predecessor to CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendants.

Supreme Court Special Term, New York County, December 20, 1940

*J. Carlisle Swaim*, for the plaintiffs.

*Whitman, Ransom, Coulson & Goetz* [*Jacob H. Goetz* and *Henry S. Reeder* of counsel], for the defendant Consolidated Edison Company of New York, Inc.

KOCH, J. This is an application by one of the defendants for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice. The action is instituted to obtain an injunction against an alleged violation of subdivision 6 of section 65 of the Public Service Law, an accounting for moneys of the plaintiffs' assignors had and received by the defendants, as a result of the alleged violation; for a judgment for any damages sustained, and for moneys had and received, of the plaintiffs' assignors, that such accounting may disclose to be due.

The complaint alleges that the plaintiffs' assignors purchased from the moving defendant, and its predecessors, *electricity* at rates demanded by them.

It further alleges that the rates charged the assignors for such *electricity* included a " demand charge " which plaintiffs alleged was a " service charge " in violation of subdivision 6 of section 65 of the Public Service Law.

Subdivision 6 of section 65 provides:

" 6. Service charges prohibited. Every gas corporation shall charge for gas supplied a fair and reasonable price. No such corporation shall make or impose an additional charge or fee for service or for the installation of apparatus or the use of apparatus installed."

The above subdivision of section 65 is clear and unambiguous and was enacted to prevent a " gas corporation " from charging anything but a fair and reasonable price for " gas " supplied To further specify what it meant the Legislature added the second sentence specifically prohibiting the addition of any of three designated types of charges.

The complaint alleges the purchase of " electricity " not " gas." Subdivision 6 of section 65 specifically refers to the price to be charged for " gas." It makes no such reference to the price to be charged for " electricity." Nor is there a comparable subdivision in section 65 referring to electricity.

If the plaintiffs relied solely on subdivision 6 of section 65, there could be no possible doubt that the complaint is insufficient. However, plaintiffs predicate their right to relief on a construction of subdivision 6 of section 65, read in conjunction with section 64.

Section 64 reads as follows: " This article shall apply to the manufacture, conveying, transportation and furnishing of gas (natural

or manufactured or mixture of both) for light, heat or power and the generation, furnishing and transmission of electricity for light, heat or power. Within the meaning of any provision of this article, each of the terms ' gas corporation ' and ' electric corporation ' also shall include a gas and electric corporation, that is, such a corporation as is organized for the objects and purposes of both a gas corporation and an electric corporation, as the context of such provisions and the powers actually exercised by such gas and electric corporation may require."

It is plaintiffs' contention that originally section 64 consisted only of the first sentence; that by the addition of the second sentence by amendment (Laws of 1930, chap. 789) the Legislature intended the article (article 4) to apply to both gas and electric corporations whether such corporation was organized solely as a gas corporation, solely as an electric corporation or even if such corporation was organized as both a gas and electric corporation.

From this premise to which there can be no objection the plaintiffs arrive at a conclusion that subdivision 6 of section 65 must be interpreted to prohibit a service charge for " electricity " supplied. The conclusion so arrived at is a *non-sequitur*.

When the Legislature amended section 64 it was broadening the application of article 4 to include every *corporate entity* to which the article might apply. It was not broadening the application of every provision of the article to make the word " gas " a generic term to be interpreted as including electricity.

When the Legislature enacted article 4 it could have included a subdivision similar to subdivision 6 with the same provisions relating to electricity. It did not do so. When it amended section 64, if it intended the result that plaintiffs claim, it could have used language appropriate to express that intention. It did not do so. For this court to do what the Legislature could easily have done, but did not, would be judicial legislat'on.

The moving defendant is entitled to judgment on the pleadings.

Motion granted. Settle order.