21888. BELK-MATHEWS COMPANY et al. v.
GREAT SOUTHERN TRUCKING COMPANY.

ARGUED JANUARY 14, 1963—DECIDED
FEBRUARY 7, 1963.

*Gilbert E. Johnson,* for plaintiffs in error.

*Bouhan, Lawrence, Williams, Levy & McAlpin, Kirk McAlpin, Crimm & Postell,* contra.

ALMAND, Justice. Belk-Mathews and two other parties, hereinafter referred to as "shippers," brought their class action against Great Southern Trucking Company, hereinafter referred to as "carrier," a motor carrier of freight doing business in both intrastate and interstate commerce, to recover a money judgment as a refund for alleged overcharges for freight on shipments of the shippers' goods during a period from December 1, 1953 to January 11, 1954.

In its answer the carrier denied all material allegations of the petition and asserted that all the shipments involved were interstate movements; that the freight charges involved were legal and approved rates as promulgated in tariffs on file with the Interstate Commerce Commission; and that the rates charged by the carrier were not in excess of the promulgated rates. .

In August, 1960, the carrier filed its motion for a summary judgment on the ground that the Interstate Commerce Commission had ruled in John H. Swisher & Sons, Inc. v. R. C. Motor Lines, Inc. (67 M.C.C. 198), (a case involving the same tariffs and the interpretation of the tariffs at issue here), that the rates charged, including the tariff increase for the forty-day period involved here, were proper. On the hearing of the motion for a summary judgment, the carrier introduced a copy of the order of the Interstate Commerce Commission in the Swisher

& Sons case and supported its position by an affidavit that said order has like application covering the shipments complained of by the shippers. The parties stipulated that the original tariff and three supplements thereto might be filed and considered as a part of the record in the case and for all purposes therewith, including the carrier's motion for summary judgment. The parties further stipulated the amounts of the freight charges involved in the suit, the same being a 15% increase in the tariff rates which the carrier maintains were in force during the forty-day period in question. In view of the stipulations, the sole issue for determination in passing on the motion for summary judgment was whether or not the 15% increase in the tariff, provided by one of the supplements to the original tariff, was in force during the forty-day period in question.

On September 13, 1962, the trial court entered its judgment declaring that there being no issue of fact involved, the court being bound by the interpretation of the Interstate Commerce Commission in the Swisher & Sons case which had decided the applicable tariffs, and it appearing that the rates charged by the carrier were the same as determined proper in the said case, the carrier's motion for summary judgment was granted.

All questions as to the applicability of tariffs and the construction and reasonableness of freight charges on goods shipped in interstate commerce are primarily for determination by the Interstate Commerce Commission and where the commission has passed upon the issue of tariff application, the courts will not review its action unless it involves a question solely of law. See United States v. Western Pacific Railroad Company, 352 U. S. 59 (77 SC 161, 1 LE2d 126).

It was not error to grant the carrier's motion for a summary judgment.

*Judgment affirmed. All the Justices concur.*