Richard M. Rosenbaum, J.
Defendant, Rochester Telephone Corporation, by this motion seeks dismissal of various causes of action brought by plaintiff arising out of a dispute between the parties over installation of a private telephone system in the Rowntowner Motor Inn located on Jefferson Road in the Town of Henrietta, New York. Plaintiff claims that during construction of the building in 1968 it advised the defendant that it wanted to install a private system and to interconnect the same to Rochester Telephone exchange and access lines. The system was to he purchased from the Universal Communications Systems, a private supplier of automatic telephone dialing systems. Plaintiff further claims that the defendant, Rochester Telephone Corporation, refused to comply with this request, stating that its tariffs on file with the Public Service Commission *35 would permit only installation of such a system by the defendant and no other supplier. Plaintiff claims that the defendant refused to amend its tariffs to allow the plaintiff to proceed with its plans. Plaintiff claims that under the threat of termination of its phone service if it did not comply with defendant’s demands, it was compelled to sign a contract with the defendant under which the plaintiff’s telephone system would be supplied by the defendant, Rochester Telephone. The Rochester Telephone system was installed pursuant to the agreement which was signed on November 4, 1968. In April, 1971, approximately two and one-half years later, plaintiff disconnected the defendant’s telephone system and installed its own private telephone system supplied to it by Universal Communications Corporation. At the same time it brought an action in the United States District Court to enjoin the phone company from in any way interfering with the plaintiff’s telephone service. The defendant thereafter consented to allow plaintiff to continue to use its privately owned equipment upon deposit with its attorneys of a specified sum of money in escrow to be held pending a determination by litigation of the respective rights of the parties under the original agreement. The plaintiff then discontinued its Federal court action before a ruling was made. Plaintiff then brought this action to have the court set aside the original agreement as having been induced by wrongful duress. The plaintiff further contends that defendant’s behavior violated various Federal and State laws, including the Clayton Antitrust Act, the Federal Communications Act, the New York Public Service Law, the New York State General Business Law, and the Penal Law of New York. Plaintiff seeks damages for its alleged losses under the original agreement, in addition to return of its escrow moneys pursuant to the second agreement, recoupment of attorneys’ fees, and treble damages pursuant to the alleged violation of Federal law.
The defendant by this motion seeks to dismiss the plaintiff’s first cause of action, on the grounds that it is based on the tort of wrongful duress and is therefore time-barred, not having been commenced within the three-year applicable period. The court agrees with plaintiff’s contention that it is really seeking equitable relief in asking for a rescission of the original contract, traditionally an equitable remedy. The applicable Statute of Limitations is six years and therefore this action was timely commenced (CPLR 213, subd. 1). Rolnick v. Rolnick (29 A D 2d 987, affd. 24 N Y 2d 805), cited by defendant is inapposite. There, strictly legal relief was sought in the form of damages *36 for the tort of inducement of a breach of an employment contract.
Defendant moves to dismiss all claims made by plaintiff of violation of Federal laws, on the ground that this court lacks jurisdiction. Plaintiff’s complaint is actually quite vague about what Federal laws it claims were violated. However, its brief indicates that it is claiming that defendant violated sections of the Federal Communications Act and the Clayton Antitrust Act. Defendant argues that in all actions brought for violations of the Clayton Act and the Federal Communications Act, Federal jurisdiction is exclusive. (IT. S. Code, tit. 15, § 15; tit. 28, § 1337; tit. 47, § 207.) A reading of these sections makes clear that the Federal District Courts shall have original jurisdiction of any civil action brought under the Clayton Act (TJ. S. Code, tit. 28, § 1337) and that an action under the Federal Communications Act shall be brought in either a United States District Court or before the Federal Communications Commission (U. S. Code, tit. 47, § 207). In all the cases cited by plaintiff, the Federal statutes specifically provided either that Federal court and State court jurisdiction was to be concurrent or the Federal statute was silent on the question of jurisdiction. Since the Federal statutes involved here are explicit regarding jurisdiction, this court is deprived of jurisdiction and plaintiff’s claims based on violation of these Federal statutes must be dismissed.
Defendant next contends that plaintiff’s fourth cause of action should be dismissed for failure to state a cause of action. Plaintiff in this cause of action claims that defendant’s activities herein violated section 340 of the General Business Law which is the New York State antitrust law. In order to constitute a violation of the State antitrust law as embodied in section 340 of the General Business Law, the action claimed to be unlawful must be a combination or arrangement in concert with others. (Matter of AFA Protective Systems v. Crouchley, 63 Misc 2d 695; McCraw Elec. Co. v. Lockyer, 267 App. Div. 897.) Plaintiff nowhere in its complaint alleges this necessary prerequisite. Columbia Gas of N. Y. v. New York State Elec. & Gas Corp. (28 N Y 2d 117) is distinguishable because in that case it was alleged that the utility had entered into various contracts with municipalities to sell electric lighting energy at a special contract rate. In the instant case, even if it had been alleged that the telephone company had entered into contracts or arrangements with others, all such arrangements would of necessity have been uniform in connection with the phone company’s tariffs on file with the Public Service Commission and no such arrangements would have been favorable to the contracting party but on the *37 contrary it would have been treated exactly as plaintiff claims it was treated. Therefore, no unlawful combination having been alleged, the complaint fails to state a cause of action for violation of section 340 of the General Business Law.
Finally, defendant argues that the remaining causes of action contained in plaintiff’s complaint must be dismissed on the grounds that the Public Service Commission, and not the courts, has jurisdiction over the subject matter of these complaints and that therefore the plaintiff must exhaust his administrative remedies with the commission before commencing legal action. The plaintiff argues that by virtue of section 93 of the Public Service Law, a violation of the Public Service Law entitles it to direct redress in the courts of this State. Plaintiff further argues that defendant has in fact violated the Public Service Law, to wit: section 91 of that act which reads in pertinent part as follows: ‘ ‘ 1. * * every telephone corporation shall furnish and provide with respect to its business such instrumentalities and facilities as shall be adequate and in all respects just and reasonable. All charges made or demanded by any * * * telephone corporation for any service rendered or to be rendered in connection therewith shall be just and reasonable and not more than allowed by law or by order of the commission. Every unjust or unreasonable charge made or demanded for any such service or in connection therewith or in excess of that allowed by law or by order of the commission is prohibited and declared to be unlawful. ”
It should be noted that plaintiff’s claims, that defendant’s activities also violate Federal and State laws other than the Public Service Law, would not give this court jurisdiction pursuant to section 93 of the Public Service Law since that section specifically states that direct redress may be made to the courts in only two instances: first, where there is a violation of the Public Service Law, or secondly, where there is a violation of an order of the Public Service Commission.
Apparently plaintiff is claiming that, in violation of section 91 of the Public Service Law, the defendant is demanding charges for services which are not just and reasonable. This, of course, is directly refuted by the fact that the defendant’s right to install its own telephones and its charges for said installation are covered by its tariffs on file with the Public Service Commission. It is obvious that its charges and actions cannot run counter to the terms of its tariffs. However, plaintiff further argues that the tariffs themselves are beyond the jurisdiction of the Public Service Commission to adopt, on the grounds that private tele *38 phone systems such as here involved constitute a nonutility area untouchable by Public Service regulation and further that the Carter phone and other Federal Communications Commissions’ decisions have pre-empted the field of private telephone systems and that therefore the Public Service Commission cannot regulate in those pre-empted areas. This court disagrees entirely with plaintiff’s position.
The jurisdiction of the Public Service Commission is set forth in the Public Service Law as follows: ‘ ‘ § 5. Jurisdiction, powers and duties of public service commission, 1. The jurisdiction, supervision, powers and duties of the public service commission shall extend under this chapter: * * * d. To every telephone line which lies wholly within the state and that part within the state of New York of every telephone line which lies partly within and partly without the state and to the persons or corporations owning, leasing or operating any such telephone line. ”
“ § 94. General powers and duties of commission in respect to telegraph corporations and telephone corporations * * * 2. The commission shall have general supervision of all * * * telephone corporations * * * and telephone lines within its jurisdiction as hereinbefore defined and shall have power to and shall examine the same and keep informed as to their general condition, their capitalization, their franchises and the manner in which their lines and property are leased, operated or managed, conducted and operated with respect to the adequacy of and accommodation afforded by their service and also with respect to the safety and security of their lines and property, and with respect to their compliance with all provisions of law, orders of the commission, franchises and charter requirements. The commission shall have power either through its members or inspectors or employees duly authorized by it to enter in or upon and to inspect the property, equipment, buildings, plants, factories, offices, apparatus, machines, devices and lines of any * * telephone corporation. ”
It is clear therefore that the Public Service Commission may regulate telephone lines within its jurisdiction. Subdivision 18 of section 2 defines a telephone line to include: ‘ ‘ conduits, ducts, poles, wires, cables, cross-arms, receivers, transmitters, instruments, machines, appliances and all devices, real estate, easements, apparatus, property and routes used, operated or 'Owned by any telephone corporation to facilitate the business of affording telephonic communication” (emphasis mine). Although the language of the definition clearly includes private telephone instruments, such as involved in this case, plaintiff argues that *39 court construction of this definition has “ tended to be limited ”, citing Matter of National Mdse. Corp. v. Public Serv. Comm, of State of N. Y. (5 N Y 2d 485). The cited case involved the subject of advertising in the telephone directory which the court decided was not within the utility area of regulation. The distinction between that case and the case at bar is so obvious as to not require further discussion. With regard to plaintiff’s argument that the Federal Communications Commission has pre-empted this particular area and that the Public Service Commission therefore has no jurisdiction, the court feels that plaintiff has completely misunderstood the holding in the Garter-phone case. The defendant’s affidavits and the court’s own reading of the Garterphone decision leave no doubt in the court’s mind that its holding is limited to interstate communications services and not local and intrastate services. Rochester Telephone’s services in the instant case would clearly have to be classified as intrastate. This complaint therefore fails to state any allegations sufficient to remove it from the jurisdiction of the Public Service Commission and place it within the jurisdiction of the courts.
Defendant has not argued that plaintiff’s first cause of action for wrongful duress fails to state a cause of action. The court feels that plaintiff is entitled to a trial on this issue. Defendant’s motion to dismiss plaintiff’s complaint is granted, with the exception of plaintiff’s first cause of action.