VAN DUSSEN-STORTO MOTOR INN, INC., Appellant-Respondent, *v.* ROCHESTER TELEPHONE CORPORATION, Respondent-Appellant.

Fourth Department, October 26, 1973.

*Robinson, Williams, Robinson & Angeloff (John Sullivan of counsel), for appellant.*

*Nixon, Hargrave, Devans & Doyle (Edward J. Burns and David N. Kunkel of counsel), for respondent.*

MOULE, J. This case comes before us on appeal from a dismissal of certain portions of plaintiff's complaint on a question concerning the proper primary administrative jurisdiction of the Public Service Commission.

During the course of the construction of a motel in Henrietta, New York, plaintiff, in 1968, informed defendant Rochester Telephone Corporation (RTC) that it intended to install a private telephone system supplied by Universal Communications Systems, Inc. (Universal), a private supplier of such equipment, in its motel. Plaintiff further informed RTC that it wished to connect the Universal system with the RTC exchange and access lines but the latter refused to permit such interconnection, giving as its reason that tariffs which RTC had on file with the Public Service Commission prohibited the use and interconnection of non-RTC owned and supplied equipment to RTC's exchange and access lines.

Plaintiff, believing that its phone service might be terminated, agreed in writing on November 4, 1968 to the installation of an RTC-supplied system rather than the one it had planned to purchase from Universal. The RTC system was installed and it remained in operation in the motel until April, 1971 when

plaintiff disconnected it and installed the Universal system in its place. RTC's service to the motel was not terminated at this time because of the plaintiff's action on the same date in agreeing to deposit in escrow with RTC's attorneys an amount equal to RTC's regular termination charges to be held pending the outcome of this litigation.

Plaintiff set forth six separate causes of action in its complaint. The first sought rescission because of duress of the November 4, 1968 agreement; the second alleged that RTC's rates were unreasonable; the third, that RTC tortiously interfered with its contract with Universal; the fourth, that RTC acted in violation of State antitrust laws; the fifth, that RTC acted in violation of Federal antitrust laws; and the sixth sought consequential damages flowing from the first five causes of action. All but the first of these were dismissed by Special Term pursuant to a motion under CPLR 3211. Both plaintiff and defendant appeal from Special Term's order.

The first cause of action which plaintiff sets forth in its complaint asks for a rescission of its November 4, 1968 contract with RTC and a restitution of its funds on deposit with RTC's attorneys. It alleges that this contract was entered into under duress in that RTC refused to provide service to other than RTC supplied private telephone systems and that, as a result, plaintiff was faced with the choice of either agreeing to RTC's terms or losing phone service to its motel.

However, an RTC tariff, on file with the Public Service Commission, expressly prohibited the phone company from interconnection with privately supplied telephone systems, and RTC's position, while concededly at odds with plaintiff's desires, was mandated by its duly filed tariff. Thus, it is the reasonableness of this tariff, not the phone company's action in accordance with it, that is at the heart of plaintiff's first cause of action. Tariffs on file with the Public Service Commission are presumed to be reasonable and must be attacked in the first instance before the Public Service Commission (*People ex rel. Public Serv. Comm. of State of N. Y.* v. *New York Tel. Co.*, 262 App. Div. 440, 444, affd. 287 N. Y. 803). Where the reasonableness of a public utility's practices is challenged, the doctrine of primary administrative jurisdiction is applicable, and the Public Service Commission is the proper body to pass on the question of reasonableness (*Matter of Leitner* v. *New York Tel. Co.*, 277 N. Y. 180, 189, mot. for rearg. den. 278 N. Y. 598; *Freedom Finance Co.* v. *New York Tel. Co.*, 29 A D 2d 545; *Murray* v. *New York Tel. Co.*, 170 App. Div. 17, affd. 226

N. Y. 590). Therefore, the first cause of action should be dismissed.

The plaintiff's second cause alleges that, in any event, the rates charged by RTC for servicing its own equipment, installed in the motel pursuant to the November 4 agreement, were unlawful, unjust and unreasonable and that, consequently, it has direct access to the courts. However, these rates also were mandated by a duly filed RTC tariff, the reasonableness of which must first be passed upon by the Public Service Commission (*People ex rel. Public Serv. Comm. of State of N. Y. v. New York Tel. Co.*, 262 App. Div. 440, 444, affd. 287 N. Y. 803, *supra*). Furthermore, the statute creating the Public Service Commission and empowering it to supervise rates and charges was intended to cover the whole subject of rates and supersede all common-law remedies (*Purcell v. New York Cent. R. R. Co.*, 268 N. Y. 164). The commission has exclusive original jurisdiction over public utility rates (*Central Hudson Gas & Elec. Corp.* v. *Napoletano*, 277 App. Div. 441). Section 93 of the Public Service Law provides for direct access to the courts in matters such as this in only two situations. The first is where a telephone corporation violates the "law of the state of New York by this chapter" and the other is where an "order of the commission" is disobeyed.

Plaintiff's third cause of action, that RTC tortiously interfered with its contract with Universal by refusing to provide service to a non-RTC supplied system, falls in that RTC acted on the basis of its tariff filed with the Public Service Commission. It is with the reasonableness of this tariff that plaintiff's true dispute lies and, for reasons previously stated, this is a matter for the Public Service Commission to decide in the first instance. Plaintiff urges, however, that the power to regulate private telephone systems is outside the jurisdiction of the Public Service Commission. Section 5 (subd. 1, par. d) of the Public Service Law confers jurisdiction upon the Public Service Commission over "every telephone line which lies wholly within the state". Subdivision 18 of section 2 of the Public Service Law defines a telephone line to include "receivers  *  *  * instruments  *  *  *  and all devices  *  *  *  used, operated or owned by any telephone corporation to facilitate the business of affording telephonic communication." It has been expressly held that the jurisdiction of the Public Service Commission extends to telephone equipment located within a hotel (*People ex rel. Public Serv. Comm. of State of N. Y.* v. *New York Tel. Co.*, 262 App. Div. 440, affd. 287 N. Y. 803, *supra*).

Plaintiff's contention in its fourth cause of action, that RTC's conduct violated State antitrust laws, and its claim in its fifth cause of action, that similar conduct further violated Federal antitrust statutes, are without merit. RTC acted in accordance with its duly filed tariffs. It did only that which the tariffs required of it. Whether those tariffs were reasonable in their requirements, as we previously have stated, is for administrative determination.

Since plaintiff's five basic causes of action fall, its sixth cause of action, which alleges consequential damages, is without merit and was also properly dismissed.

The judgment and order should be modified by dismissing the first cause of action.

GOLDMAN, P. J., MARSH, CARDAMONE and HENRY, JJ., concur.

Judgment unanimously modified in accordance with opinion by MOULE, J., and as modified affirmed without costs of this appeal to either party.

Order unanimously modified in accordance with opinion by MOULE, J., and as modified affirmed without costs of these appeals to either party.