Arnold Guy Fraiman, J.
In this action for a judgment declaring that the minimum charge for residential customers of defendant Consolidated Edison Company of New York (Con Edison) is illegal because it violates subdivision 6 of section 65 of the Public Service Law, plaintiffs move for an order pursuant to CPLR article 9 permitting them to maintain the action as a class action. Con Edison cross-moves for summary judgment on the ground that the cause of action has no merit, and that the court does not have jurisdiction over the subject matter of this action, and on other related grounds. Following oral argument on the motion and cross motion, the court *194 granted plaintiffs’ motion that the case be prosecuted as a class action, subject to the court’s denial of Con Edison’s cross motion for summary judgment.
The court will address itself initially to Con Edison’s contention that the court does not have jurisdiction over the subject matter of this action. According to Con Edison, the Public Service Commission (P.S.C.) is the proper body to determine the propriety of the minimum charge herein because resolution of this issue involves questions of rate design and the reasonableness of the rate. Accordingly, Con Edison argues, the matter must first be raised before the P.S.C., and then, if a satisfactory result is not achieved, the determination of the P.S.C. may be challenged in an article 78 proceeding commenced in Albany County, in which the P.S.C. is made a party. This would indeed be the proper procedure to follow if the matter at bar involved the reasonableness of Con Edison’s minimum charge. (Van Dussen-Storto Motor Inn v Rochester Tel. Corp., 42 AD2d 400, affd 34 NY2d 904.) However, Con Edison itself correctly points out in its memorandum of law in support of its cross motion that "[n]o questions have been raised about the reasonableness of Con Edison’s minimum charge provision; thus the issue is solely one of statutory construction.” Questions of statutory construction concerning the validity of a charge by a public utility, as distinguished from the reasonableness of the charge, may be raised by direct application to the court. (Kovarsky v Brooklyn Union Gas Co., 279 NY 304; see, also, Hollis v Kutz, 255 US 452, 454.) Since the issue herein is the validity, as distinguished from the reasonableness, of Con Edison’s minimum charge, it is properly before the court even though not initially raised by a proceeding before the P.S.C.
Turning now to the substantive question presented by the complaint and Con Edison’s cross motion for summary judgment, at issue is whether Con Edison’s minimum charge for gas to its customers is the same as a "service charge” and therefore prohibited by subdivision 6 of section 65 of the Public Service Law. Service classification No. 1 of Con Edison’s presently effective gas tariff, P.S.C. No. 8-Gas, applicable to residential and religious uses, provides for a minimum charge to customers of $3.27 per month per meter for the first 300 cubic feet or less of gas. In 1975, an average of approximately 380,000 customers of Con Edison, including plaintiffs, each month used less than this amount. Subdivision 6 of *195 section 65, which was enacted in 1923 (L 1923, ch 898), provides as follows: "Service charges prohibited. Every gas corporation shall charge for gas supplied a fair and reasonable price. No such corporation shall make or impose an additional charge or fee for service or for the installation of apparatus or the use of apparatus installed.” It is plaintiffs’ contention that Con Edison’s minimum charge is in reality a service charge, because it requires customers in the class represented by plaintiffs to pay for gas they have not consumed, and it therefore represents a charge for service rather than for gas supplied, and thus violates subdivision 6 of section 65. Con Edison, on the other hand, maintains that a service charge and a minimum charge are distinct rate forms, and subdivision 6 of section 65 prohibits only service charges and not minimum charges. On the basis of the plain meaning of subdivision 6 of section 65, its legislative history, and the interpretation placed upon it by the P.S.C., the court concurs with this analysis.
The propriety and reasonableness of minimum charges and service charges imposed by public utilities on their customers received the attention of the courts prior to the enactment of subdivision 6 of section 65. In Gould v Edison Elec. Illuminating Co. (29 Misc 241, 242) the court considered the reasonableness of a charge contained in a lighting service application (the Public Service Commission was not created until 1907) which the defendant electric company sought to have the plaintiff, a prospective customer, agree to, before it would supply him with electricity. The clause provided that, "a minimum monthly charge of one dollar and fifty cents ($1.50) should be made by the company for each separate month during which the agreement should be in effect.” The court, after taking into account the costs the defendant would have to incur in order to provide plaintiff with electricity, even if he did not use it, concluded that the minimum charge was reasonable. But in so finding, the court stated that (p 245), "it must be borne in mind that this payment [the minimum charge] is not in addition to the charge for actual consumption. Where light is consumed which entitles the company to payment * * * of a sum per month equal to or in excess of the so-called minimum charge, the customer pays only for the light he has actually had; so that this fixed charge becomes practically operative only where his consumption falls below the extent of use which it measures.”
*196 Public utility companies in New York continued to impose minimum charges subsequent to the Gould decision and they have since gone unchallenged. However, the imposition of a service charge by a public utility was questioned in City of Rochester v Rochester Gas & Elec. Corp. (233 NY 39, 45) decided some 23 years after the Gould case. In that case the City of Rochester challenged the propriety of a service charge of 40 cents per month to consumers of gas in Rochester. In upholding the charge, the court recognized the distinction between a service charge and a minimum charge by noting that a minimum charge is absorbed in the consumer’s bill when the minimum is reached, whereas a service charge is not. It further observed that where the consumer uses no gas or less than the minimum, the effect of both devices is the same. It is this last observation by the court upon which plaintiffs herein basically rely to support their argument that a minimum charge is the same as a service charge. That reliance is misplaced. Although the effect of a minimum charge is the same as a service charge for those customers who use no gas or less than the minimum, it is clearly not the same for the bulk of the customers who exceed the minimum each month. When a minimum charge is imposed, their bill is determined solely by the amount of gas they consume. When a service charge is imposed, however, they pay not only for the gas they consume, but also a fixed sum each month in addition thereto. It was the imposition of this fixed service charge, imposed on all consumers, in addition to the charge for gas, which had been upheld by the court in the City of Rochester case, that was promptly banned by the State Legislature at its next session, by the enactment of subdivision 6 of section 65. That section is entitled "Service charges prohibited”, and it states that gas companies may not impose "an additional charge” for gas supplied. These are the very terms used by the court in City of Rochester. A minimum charge, it should be noted, is further distinguishable from a service charge in that it is not an additional charge.
Although the court in the City of Rochester case referred to "minimum charges” and distinguished them from "service charges”; and at least since the Gould case utility companies were imposing "minimum charges”, the term was not included in the language of the statute. Had the Legislature intended to prohibit minimum charges as well as service charges, it could easily have so provided. Where the language of a statute *197 is clear and unambiguous, the courts may not seek other interpretations in order to restrict or extend its meaning. (Meltzer v Koenigsberg, 302 NY 523; see, also, Trinchere v United Elec. Light & Power Co., 175 Misc 622.)
A final factor to be considered in determining that minimum charges do not come within the prohibition of subdivision 6 of section 65, is the position of the Public Service Commission. Since the enactment of that section it has required that service charges be eliminated from gas company rate schedules and has consistently banned them, but it has repeatedly approved rate schedules containing a minimum charge. (Peoples Gas and Elec. Co. of Oswego, [1923] PSC Rep 315; Rochester Gas and Elec. Corp., [1924] PSC Rep 115; Pavilion Natural Gas Co., [1927] PSC Rep 286; Producers Gas Co., [1927] PSC Rep 483; Complaint of Utica Customers v Utica Gas and Elec. Co., [1931] PSC Rep 294; Propriety of Rates, etc., New York State Elec. & Gas Corp., [1933] PSC Rep 200; Customers v Utica Gas and Elec. Co., 3 PUR [NS] 171.) While the construction of subdivision 6 of section 65 by the Public Service Commission is not binding upon the court, where, as here, the interpretation of the commission which is responsible for the administration of the public service laws, is supported by a rational basis, it should be given controlling weight. (Matter of Howard v Wyman, 28 NY2d 434, 438; Matter of Mounting & Finishing Co. v McGoldrick, 294 NY 104, 108.)
For all of the foregoing reasons, Con Edison’s cross motion for summary judgment must be granted, and the application for class action status, which was granted conditionally upon the court’s denial of the cross motion, is denied.