■ STAATSBURG WATER COMPANY, Appellant, v STAATSBURG FIRE DISTRICT, Respondent.—In an action to recover money due and owing for fire hydrant charges, the plaintiff appeals from so much of an order of the Supreme Court, Dutchess County (Hillery, J.), dated July 22, 1986, as, upon renewal, adhered to the original determination of the same court (Gürahian, J.), dated February 22, 1985, which denied its motion for leave to amend the ad damnum clause of its complaint, and for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the order dated February 22, 1985 is vacated, the motion is granted, the ad damnum clause of the complaint is amended to read that the sum of $33,256.04, plus an additional $328.77 per month subsequent to April 30, 1986, is due and owing the plaintiff from the defendant, and the case is remitted to the Supreme Court, Dutchess County, for the entry of an appropriate judgment in favor of the plaintiff and against the defendant in the sum of $33,256.04 plus an additional $328.77 per month from April 30, 1986.

After a hearing, the Public Service Commission, on March 5, 1986, issued an order which determined the adequacy of the service supplied by the plaintiff to the defendant and whether the defendant was justified in withholding payment for that service, the same issues raised in the instant action. As the Public Service Commission is an appropriate body to determine these questions (see, Public Service Law § 89-c [2], [4]; Van Dussen-Storto Motor Inn v Rochester Tel. Corp., 42 AD2d 400, 402, affd 34 NY2d 904) and the hearings were conducted utilizing procedures substantially similar to those utilized in a court of law, the determination by the Public Service Commission is conclusive and binding upon the court in this action (see, Ryan v New York Tel. Co., 62 NY2d 494, 499). Because the defendant was afforded the opportunity at the hearing to present witnesses, to cross-examine witnesses, to present exhibits, to make its position in this matter clear by the presentation of a statement which included information pertinent to its position, and by submitting a brief, it cannot be said that the defendant was not afforded a full and fair opportunity to present its claims before the Public Service Commission (see,

*Ryan v New York Tel. Co., supra,* at 501; *Gilberg v Barbieri,* 53 NY2d 285, 292). Therefore, the Supreme Court erred when it did not grant the plaintiff's motion for summary judgment, as there were no issues of fact to be decided in this action.

As the Public Service Commission modified the amount of charges due the plaintiff, the Supreme Court should have permitted the plaintiff to amend the ad damnum clause of its complaint. Contrary to the defendant's claims, the amendment would not have prejudiced it *(see, Wyso v City of New York,* 91 AD2d 661, 662). Thompson, J. P., Bracken, Lawrence and Harwood, JJ., concur.