A90A1246. DELTA TRAFFIC SERVICE, INC. v. SNIDER.
A90A1287. DELTA TRAFFIC SERVICE, INC. v. GUSTO
BRANDS, INC. et al.
A90A1376. DELTA TRAFFIC SERVICE, INC. v. DIXIE-
RIVERSIDE, INC.
(398 SE2d 430)

BEASLEY, Judge.

This is a consolidated appeal from the grants of summary judgment in three separate suits brought by the assignee of a bankrupt regulated motor carrier seeking collection of the difference between shipping rates negotiated with the assignor bankrupt carrier and the tariffs filed by the carrier with the Interstate Commerce Commission (ICC).

During the years 1983 through 1985, Floyd T. Snider d/b/a Smokey Snider Distributing Company (Snider), Gusto Brands, Inc. d/b/a Triangle Beverage Company (Gusto), and Dixie-Riverside, Inc. (Dixie) utilized the services of Claxton Transport, Inc., to ship alcoholic beverages. Claxton billed each for the shipments at negotiated rates which were lower than the carrier's tariffs filed with the ICC. The negotiated rates were never filed. The parties paid the invoices at the agreed lower rates. After Claxton filed for bankruptcy, its as-

signee, Delta Traffic Service, Inc., billed the parties for the undercharges, i.e., the differences between the negotiated shipping rates and the higher published tariffs. The parties refused to pay and Delta filed the present actions to collect the principal sums of the undercharges plus pre- and post-judgment interest and costs.

A common response of all three defendants was a challenge to the reasonableness of the practice. In their responsive pleadings, Snider and Gusto also specifically challenged the reasonableness of the published tariffs underlying Delta's claims. Each defendant moved to stay the proceedings in order to seek a determination by the ICC. The stays were granted and the trial courts referred the cases to the ICC, requesting determination of the issue of the reasonableness of seeking the undercharges. The court in the Dixie case expressly requested the ICC to also determine the reasonableness of the charges which Delta claimed were due.

Defendants along with two other similarly situated companies filed a joint complaint against Delta with the ICC. It requested that the ICC enter an order denying recovery of the undercharges based on a finding that collection of such charges constituted an unreasonable practice, pursuant to the ICC's authority under 49 USC §§ 10701 and 10704. The ICC found that the joint complaint raised issues of negotiated rates addressed in NITL — Pet. to Inst. Rule on Negotiated Motor Car., 3 ICC 2d 99 (1986) (*Negotiated Rates*) and concluded that it would be an unreasonable practice for Claxton or Delta to collect the undercharges. It made no determination about the reasonableness of the filed tariffs underlying Delta's claims.

Following the ICC decision and motions for summary judgment by the defendants and by Delta, each defendant was granted judgment and the same was denied as to Delta. Delta filed three separate appeals and all parties jointly moved to consolidate and stay the appeals pending a decision by the United States Supreme Court, which the parties agreed would be dispositive of the legal issues. Consolidation was granted and briefing time was extended to await the United States Supreme Court decision.

On June 21, 1990, the Supreme Court published *Maislin Indus. U. S. v. Primary Steel*, 58 USLW 4862 (1990), holding that the ICC's *Negotiated Rates* policy was invalid because it was inconsistent with the Interstate Commerce Act's requirement that motor common carriers publish their rates in tariffs filed with the ICC, 49 USC § 10762, and because it was inconsistent with the Act's prohibition that carriers and shippers not deviate from those rates, 49 USC § 10761.

Delta contends that the courts erred in applying the doctrine of primary jurisdiction and referring the cases to the ICC on the question of unreasonable practice and that they further erred in adopting the substantive decision of the ICC. Delta maintains that it, rather

than defendants, was entitled to summary judgment.

In light of *Maislin*, the trial courts' grants of summary judgment to defendants on the basis of the ICC's application of its *Negotiated Rates* policy cannot be sustained. However, the trial courts did not err in initially deferring to the ICC.

Prior to *Maislin*, the majority of federal appellate courts that had addressed the issue of enforceability of the ICC's negotiated rates policy upheld it. See *Maislin*, 58 USLW at 4868, note 1. Furthermore, in the present cases, the issue of the reasonableness of the practice of seeking rate undercharges was not the only question for determination; the reasonableness of the published tariffs was also at issue. *Maislin* expressly recognizes that even under the filed rate doctrine, the tariff rate is not enforceable if the *ICC finds it to be unreasonable*. See also *Louisville & Nashville R. Co. v. Maxwell*, 237 U. S. 94, 97 (35 SC 494, 59 LE 853) (1915); *Texas & Pacific R. Co. v. Abilene Cotton Oil Co.*, 204 U. S. 426, 440-42 (27 SC 350, 51 LE 553) (1907). Thus, such determination is primarily the ICC's. The Supreme Court of Georgia has also concluded that "[a]ll questions as to the applicability of tariffs and the construction and reasonableness of freight charges on goods shipped in interstate commerce are primarily for determination by the Interstate Commerce Commission. . . ." *Belk-Mathews Co. v. Great Southern Trucking Co.*, 218 Ga. 610, 611 (129 SE2d 765) (1963). Therefore, even if in hindsight it was error for the trial courts to defer to jurisdiction of the ICC on the question of unreasonable practice because of invalidation of the ICC's negotiated rates policy, it was not, and is not, error to refer for resolution the question of rate reasonableness.

The question of reasonableness of the filed rate underlying Delta's claims against the three appellees was raised and remains unresolved. Delta is presently precluded from judgments in its favor as a matter of law based on the challenged filed rates. Of course, appellees are not entitled to summary judgments either.

*Judgments reversed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 25, 1990.

*Arthur B. Seymour*, for appellant.

*Varner, Stephens, Wingfield & Humphries, R. Daniel Douglass, Herbert H. Gray III, Paul W. Calhoun, Jr.*, for appellees (case nos. A90A1246 and A90A1287).

*Jolles & Slaby, Richard A. Slaby*, for appellee (case no. A90A1376).