A90A1702, A90A1703. US SPRINT COMMUNICATIONS COMPANY v. COMPUTER GENERATION, INC.; and vice versa.
(401 SE2d 573)

BEASLEY, Judge.

Both the appeal of US Sprint and the cross-appeal of Computer Generation claim error in the trial court's finding of lack of subject matter jurisdiction of both Sprint's complaint and Computer's counterclaim.

Sprint sued Computer in two counts, one for money due on account and one for unjust enrichment, arising from $6,846.30 for long distance telephone service based on tariffs filed with state and federal regulatory agencies. Computer counterclaimed for fraud, breach of

contract, and attorney fees under OCGA § 13-6-11.

The court granted Sprint's motion to dismiss the counterclaim on the ground that it alleged, aside from the frivolous litigation claim, violations of the Federal Communications Act, 47 USCA § 201 et seq., subject matters it deemed solely within the jurisdiction of the Federal Communications Commission or the federal district court. The court also applied that reasoning to the complaint, dismissing the entire lawsuit sua sponte.

Both Sprint and Computer contend the court was incorrect. Plaintiff Sprint further enumerates error in the court's implicit finding that it could pursue delinquent accounts before the FCC. Defendant Computer contends the failure of the court to grant its motion to dismiss the complaint with prejudice and for default judgment, based on non-compliance with discovery, was error. We address the latter first.

1. Computer had served requests for production of documents and had noticed the deposition of a corporate representative familiar with the allegations of the complaint. A clerical employee with limited knowledge appeared. Computer contends this was a failure to respond to discovery requests and entitled it to dismissal and default judgment pursuant to OCGA § 9-11-37.

This issue was not ruled on by the trial court because of its decision on jurisdiction and therefore presents nothing for our review. *Augusta Tennis Club v. Leger*, 186 Ga. App. 440, 441 (1) (367 SE2d 263) (1988). Moreover, it is an issue which is addressed to the trial judge's discretion. *Tandy Corp. v. McCrimmon*, 183 Ga. App. 744, 745 (1) (360 SE2d 70) (1987); *Bells Ferry Landing, Ltd. v. Wirtz*, 188 Ga. App. 344 (373 SE2d 50) (1988).

2. The statute drawn in question, 47 USCA § 207, provides that "[a]ny person claiming to be damaged by any common carrier subject to the provisions of this chapter may either make complaint to the Commission as hereinafter provided for, or may bring suit for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person shall not have the right to pursue both such remedies."

The suit of Sprint, a carrier, was appropriately before the state court on its purely state claims seeking recovery of money owed, because 47 USCA § 207 by its terms provides for claims only by persons alleging damage by the common carrier. *Tel-Central &c. v. United Telephone &c.*, FCC 89-323 (1989). The court erred in deciding that Sprint could pursue payment against a customer before the FCC or in the district court.

The ground for Sprint's motion to dismiss the counterclaim of Computer was that the area of regulation of interstate communica-

tions had been preempted by federal law and that 47 USCA § 207 vested exclusive jurisdiction in federal court or the FCC. Assuming, without deciding, that the claims made by Computer are within the subject matter covered by federal law,[1] that does not preclude concurrent jurisdiction. The only argument presented to the court below was that the language of Section 207 vests such claims exclusively within the federal realm.

Two recent United States Supreme Court cases point in the opposite direction from Sprint's argument. *Tafflin v. Levitt*, ___ U. S. ___ (110 SC 792, 107 LE2d 887) (1990), dealt with civil RICO claims under 18 USCA §§ 1961-1968; *Yellow Freight System v. Donnelly*, 494 U. S. ___ (110 SC 1566, 108 LE2d 834) (1990), dealt with claims under Title VII of the Civil Rights Act, 42 USCA § 2000e et seq.

In *Yellow Freight*, supra, the Court considered 42 USCA § 2000e-5 (f) (3), which stated that the federal district courts "shall have jurisdiction of actions brought under this subchapter." The Court concluded there was concurrent jurisdiction, stating that "[u]nder our 'system of dual sovereignty, we have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States.' Tafflin, 493 US, at ___, 107 LEd 2d 887, 110 S Ct 792; [Cits.]. To give federal courts exclusive jurisdiction over a federal cause of action, Congress must, in an exercise of its powers under the Supremacy Clause, affirmatively divest state courts of their presumptively concurrent jurisdiction. Tafflin, 493 US, at ___, 107 LEd 2d 887, 110 S Ct. 792." *Yellow Freight*, supra 494 U. S. at ___, 108 LE2d at 839 (2).

The Supreme Court concluded that, despite the use of "shall" and legislative history which indicated that the Congress had meant for the federal courts to handle these cases, "[t]hat expectation, even if universally shared, is not an adequate substitute for a legislative decision to overcome the presumption of concurrent jurisdiction. Like its plain text, the legislative history of the Act affirmatively describes the jurisdiction of the federal courts, but is completely silent on any role of the state courts over Title VII claims." *Yellow Freight*, supra, 494 U. S. at ___, 108 LE2d at 840 (1b).

The rationale is even stronger regarding Section 207 because of its permissive rather than mandatory wording plus the total lack of proof of any preemptive legislative understanding.

Should the trial court find that some or all of the claims asserted in the counterclaim do require the FCC expertise, the remedy is not

---

[1] Compare *Nordlicht v. New York Telephone*, 799 F2d 859 (2nd Cir. 1986) with *Citibank, N. A. v. Graphic Scanning Corp.*, 618 F2d 222 (2nd Cir. 1989) and *Van Dussen-Storto Motor Inn v. Rochester Telephone*, 338 NYS2d 31 (1972), modified on other grounds, 348 NYS2d 404 (App. Div.), aff'd 359 NYS2d 286.

to dismiss the counterclaim, but to stay it and refer those matters to the FCC for resolution. *Delta Traffic Svc. v. Snider*, 197 Ga. App. 377 (398 SE2d 430) (1990); see *In re Long Distance &c. Litigation*, 831 F2d 627, 633 (4) (6th Cir. 1987).

*Judgment reversed. Pope and Andrews, JJ., concur.*

DECIDED JANUARY 22, 1991.

*Smith, Gambrell & Russell, Edward H. Wasmuth, Jr.*, for appellant.

*Booth, Wade & Campbell, L. Allison Wade, Douglas N. Campbell, Deborah A. Ausburn*, for appellee.